Yucra-Santi v. Lynch

BIA
Verrillo, IJ
A200 689 365

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of September, two thousand sixteen.

PRESENT:
        JOHN M. WALKER, JR.,
        DENNIS JACOBS,
        CHRISTOPHER F. DRONEY,
            *Circuit Judges.*
_____

MAXIMO ALEJANDRO YUCRA-SANTI, AKA
ALEJANDRO JIMINEZ-SANTI,

        *Petitioner,*

    v.                                          15-37
                                                NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,

        *Respondent.*
_____

FOR PETITIONER:          Elyssa N. Williams; Glenn L.
                         Formica, Formica Williams, P.C.,
                         New Haven, Connecticut.

**FOR RESPONDENT:**        Benjamin C. Mizer, Principal
                          Deputy Assistant Attorney
                          General; John S. Hogan, Assistant
                          Director; Robbin K. Blaya, Trial
                          Attorney, Office of Immigration
                          Litigation, United States
                          Department of Justice,
                          Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Maximo Alejandro Yucra-Santi, a native and citizen of Peru, seeks review of a December 9, 2014, decision of the BIA, affirming a May 3, 2013, decision of an Immigration Judge ("IJ") denying Yucra-Santi's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Maximo Alejandro Yucra-Santi,* No. A200 689 365 (B.I.A. Dec. 9, 2014), *aff'g* No. A200 689 365 (Immig. Ct. Hartford May 3, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As a threshold matter, we lack jurisdiction to review the agency's denial of Yucra-Santi's asylum application as untimely. 8 U.S.C. § 1158(a)(3). Although we retain jurisdiction to review "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D), Yucra-Santi challenges only the

2

agency's factual conclusion that there had been no material change in the Shining Path's activity. Such a claim does not present a legal challenge to the decision but "merely quarrels over the correctness of the factual findings." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006). Accordingly, we review only the agency's denial of withholding of removal and CAT relief.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions "for the sake of completeness." *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "Questions of law, as well as the application of legal principles to undisputed facts, are reviewed de novo." *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014).

To establish eligibility for withholding of removal, an applicant must show past persecution, or a likelihood of future persecution, and must establish that the harm was, or will be, "on account of race, religion, nationality, membership in a

3

particular social group, or political opinion." 8 U.S.C. §§ 1101(a)(42), 1231(b)(3); 8 C.F.R. § 1208.16(b)(2); *Paloka*, 762 F.3d at 195. Accordingly, an applicant has two burdens: he must demonstrate either that he suffered past persecution or has an objectively reasonable fear of future persecution; and he must show that the persecution was, or will be, on account of a protected ground. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).

Yucra-Santi asserts two social groups: witnesses of a 1984 attack in Antilla and his family. We find no error in the agency's determination that he failed to demonstrate past persecution or a likelihood of future persecution on these bases.

First, although we have recognized that a group of cooperating witnesses to war crimes in Kosovo met the criteria for a "particular social group," Yucra-Santi's claim is distinguishable. *Gashi v. Holder*, 702 F.3d 130, 137-38 (2d Cir. 2012). In *Gashi*, the group shared an immutable characteristic by having the same past experience: witnessing war crimes and cooperating with investigators on the subject of those crimes. *Id*. at 137. The same immutable characteristics also defined the group's particularity because

4

"[t]he number of persons who have given interviews to, or otherwise cooperated with, official war crimes investigators is finite, and undoubtedly quite limited" and "[a]n individual's membership is also verifiable." *Id*. Further, the group was socially distinct to both potential persecutors and the wider Kosovar society because the names of potential witnesses were published on a list, people in Gashi's village knew that he had spoken to investigators and criticized him for it, and he was attacked twice and threatened. *Id*. While Yucra-Santi's proffered group shares a past experience (witnessing terrorist atrocities in Antilla), and is finite (the number of persons who witnessed the 1984 attack), he did not show that it is socially distinct. *Gashi*, 702 F.3d at 137-38. Yucra-Santi did not present any evidence that Peruvian society or the village of Antilla was aware that he was a witness to the 1984 attack. *See Paloka*, 762 F.3d at 196 ("[W]hat matters is whether society as a whole views a group as socially distinct, not the persecutor's perception."); *see also In re M-E-V-G-*, 26 I. & N. Dec. 227, 242 (BIA 2014). Instead, he presented evidence that the Antilla villagers believed that he was the son of terrorists, not someone who would be targeted by terrorists.

5

Nor did he show that he was targeted in the past on this basis or would be targeted in the future. The 2005 threatening note did not alone constitute past persecution. *Huo Qiang Chen v. Holder*, 773 F.3d 396, 406 (2d Cir. 2014). Nor was it sufficient to meet his burden of showing that he would likely be targeted on account of his status as a witness. It did not use his name or reference his status as a witness, and there was no evidence, other than his own belief, that the note was from the Shining Path. *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . his fear is speculative at best.").

Second, the agency did not err in determining that Yucra-Santi failed to demonstrate that he was persecuted or would be persecuted in the future on account of his relationship to his immediate family. "The BIA has long recognized that 'kinship ties' may form a cognizable shared characteristic for a particular social group." *Vumi v. Gonzales*, 502 F.3d 150, 155 (2d Cir. 2007). However, while Yucra-Santi was recognized by Antilla villagers in 1994 as the son of terrorists and referred to as a "dead man," the threats alone are insufficient to demonstrate past harm on account of his family ties. *Huo Qiang Chen*, 773 F.3d at 406. And, he did not present any other

6

evidence that the villagers or the Shining Path meant to harm him because of his ties to his family.  He alleged only that the Shining Path would target him as a witness.

Accordingly, because Yucra-Santi did not show that he was persecuted or would be persecuted on account of his membership in a particular social group, the BIA did not err in denying his application for withholding.  *See* 8 U.S.C. §§ 1101(a)(42), 1231(b)(3); *Paloka*, 762 F.3d at 195.  Although a claim for CAT relief does not require any nexus to a protected ground, Yucra-Santi's CAT claim fails for largely the same reason.  He did not show past harm or a likelihood of future harm on any basis.  8 C.F.R. § 1208.16(c)(2) (requiring alien to show that torture "is more likely than not").  Further, he did not allege that he was targeted or had reason to believe that he would be targeted by or with the acquiescence of the Peruvian government and spoke favorably about his two years of service in the Peruvian military, during which he had no fear.  *See* 8 C.F.R. § 1208.18(a)(1) (defining torture as "pain or suffering [that] is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.").

7

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk