Ramirez-Lopez v. Garland

BIA
Nelson, IJ
A205 919 640

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of May, two thousand twenty-one.

PRESENT:
> PIERRE N. LEVAL,
> ROBERT A. KATZMANN,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

ELMER OBENIEL RAMIREZ-LOPEZ,
> *Petitioner*,

v.                                                    **19-534**
                                                     **NAC**

MERRICK B. GARLAND,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Kevin W. Jones, Esq., Kevin W. Jones & Associates, P.C., New York, N.Y.

FOR RESPONDENT:        Joseph H. Hunt, Assistant Attorney General; John S. Hogan, Assistant Director; Andrea N. Gevas, Trial Attorney, Office of Immigration Litigation, Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, the order of the BIA is VACATED, and this case is REMANDED for further proceedings.

Petitioner Elmer Obeniel Ramirez-Lopez, a native and citizen of Guatemala, seeks review of a February 1, 2019, decision of the BIA affirming a December 11, 2017, decision of an Immigration Judge ("IJ") denying Ramirez-Lopez's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Elmer Obeniel Ramirez-Lopez,* No. A 205 919 640 (B.I.A. Feb. 1, 2019), *aff'g* No. A 205 919 640 (Immig. Ct. N.Y. City Dec. 11, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) (reviewing factual findings for substantial evidence and questions of law, including whether a proposed group is cognizable, de novo); *Gjolaj v. Bureau of Citizenship & Immigration Servs.*, 468 F.3d 140, 143 (2d Cir. 2006) (reviewing nexus determination for substantial evidence).

To qualify for asylum and withholding of removal, an applicant must establish past persecution or a well-founded fear of future persecution and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at

2

least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); *Matter of C-T-L-*, 25 I. & N. Dec. 341, 348 (BIA 2010). A cognizable particular social group is one that has a "a common immutable characteristic," is "defined with particularity," and is "socially distinct within the society in question." *Paloka*, 762 F.3d at 196 (quoting *Matter of M–E–V–G–*, 26 I. & N. Dec. 227, 237 (BIA 2014)). A shared experience may constitute an immutable characteristic, but the group must be sufficiently particular and perceived as a group by society. *See id.* at 196; *Matter of Acosta*, 19 I. & N. Dec. 211, 233 (BIA 1985) (citing as examples sex, color, kinship ties, or shared past experiences, such as former military leadership or land ownership).

Ramirez-Lopez argued to the BIA that the IJ erred by failing to consider whether he had a well-founded fear of being persecuted as a member of a social group consisting of witnesses to gang murder and torture who were publicly involved in reporting the matter to the police, rather than the broader group that the Immigration Judge considered, of persons who merely witnessed gang murder and torture in Guatemala. The BIA rejected that argument, not because it concluded that Ramirez-Lopez's proposed social group was not cognizable, but because it concluded that he had failed to preserve this contention before the IJ. Ramirez-Lopez argues that he fairly presented the narrower proposed group to the IJ. We agree.

The preliminary statement in Ramirez-Lopez's brief before the IJ identifies Ramirez-Lopez's proposed social group as "eyewitnesses to gang murder and torture in Guatemala." Cert. Admin. Rec. at 260. Although the IJ and the BIA treated this as

3

referring to people who had simply observed gang violence, the brief in fact framed the proposed group with reference to his participation in publicly reporting of the crime that he witnessed.[1] First, both in the preliminary statement and throughout the brief, Ramirez-Lopez uses the term "eyewitness," which often connotes someone who has not only seen something, but who also reports what she has seen.[2] Second, his articulation of the narrower group is even more explicit elsewhere in the brief. Most notably, at the beginning of the argument section of the brief, he writes:

> Mr. Ramirez is a member of a "particular social group". [sic] Mr. Ramirez has the *immutable characteristic of having witnessed torture and murder perpetrated by a gang and he helped his friend report the crime to the police*. This characteristic cannot be changed because it happened in the past. Mr. Ramirez brought his friend to the police station and the gang killed Mr. Ramirez's friend the next day and sent Mr. Ramirez a threatening note.

*Id.* at 265 (emphasis added). This language was unquestionably sufficient to present the narrower group of witnesses to crime who are involved in publicly reporting what they had seen. Third, when discussing the facts giving rise to his asylum, claim, Ramirez-

---

[1] There was no oral argument on the merits of Ramirez-Lopez's application nor any oral articulation of his proposed social group. Thus, the contours of that group must be discerned by reference to Ramirez-Lopez's brief. We note, however, that Ramirez-Lopez's testimony, which the Immigration Judge specifically deemed credible, included all of the facts regarding his participation in reporting the incident and the retaliation that followed. *See* Cert. Admin. Rec. at 72-75, 80-90.

[2] *See, e.g.*, *Eyewitness*, Merriam-Webster.com Dictionary, Merriam-Webster, https://www.merriam-webster.com/dictionary/eyewitness ("[O]ne who sees an occurrence or an object, especially: one who gives a report on what he or she has seen."); *Eyewitness*, Oxford English Dictionary (3d ed. 2014) ("A person who has seen or observed something . . . a person who testifies to something that he or she has seen.").

Lopez consistently describes both the crime that he witnessed and his involvement in reporting that crime. *See, e.g., id.* at 260 ("Respondent brought his friend to the local police department the next day to report the crime that they had witnessed."). Finally, to the extent that there was any ambiguity in Ramirez-Lopez's delineation of that group, the IJ should have sought clarification prior to adjudicating his petition. *See Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189 (BIA 2018) ("If an applicant is not clear as to the exact delineation of the proposed social group, the Immigration Judge should seek clarification.").

Moreover, while we express no view on whether Ramirez-Lopez's proposed social group is indeed cognizable for purposes of an asylum claim, or whether his actions were sufficient to place him within that group – questions that are for the agency to resolve in the first instance – the claim is non-frivolous. *See Gashi v. Holder*, 702 F.3d 130, 136-37 (2d Cir. 2012) (social group of "cooperating witnesses" in Kosovar society was cognizable); *cf. Yucra-Santi v. Lynch*, 660 F. App'x 78, 81 (2d Cir. 2016) (proposed social group of witnesses to specific terrorist attack was not socially distinct where petitioner had *not* presented evidence that anyone in village or society was aware that he had witnessed that attack).

Because Ramirez-Lopez met his burden to delineate his proposed social group, the IJ was obligated to assess its legal viability, and the BIA's refusal to consider it on the ground that the proposed group had not been properly presented to the IJ was error. Accordingly, the petition for review is GRANTED, the BIA's decision is VACATED,

5

and the case is REMANDED to the agency for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court