# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
November 19, 2019

Lyle W. Cayce
Clerk

No. 19-60015
Summary Calendar

MARISOL CAROLINA DEL CID-LAZO; ELENA MARISOL GUEVARA-DEL CID,

Petitioners

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 975 906
BIA No. A208 975 907

Before BARKSDALE, HAYNES, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Marisol Carolina Del Cid-Lazo, a native and citizen of El Salvador, seeks review of the Board of Immigration Appeals' (BIA) decision upholding an immigration judge's (IJ) denial of her application for asylum and withholding of removal. She contends the BIA erred in affirming and adopting the IJ's denial because: the record established persecution on account of her

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

membership in a particular social group (PSG); and the BIA did not address the IJ's failure to consider evidence of her status as a crime witness.

On or about 6 April 2016, Del Cid, together with her daughter, Elena Marisol Guevara-Del Cid, unlawfully entered the United States. Because they lacked valid entry documentation, the Department of Homeland Security issued Del Cid a Notice to Appear, charging removability, pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I). After conceding removability at a hearing before an IJ, Del Cid, acting on behalf of herself and her daughter, filed an application for, *inter alia*, asylum and withholding of removal, seeking relief based on her membership in a PSG: "Salvadoran women who fear Violence & Delinquency in their home country". In support of her application, Del Cid alleged that, after witnessing gang-related activity, she received threatening telephone calls, seeking to coerce her assistance in identifying targets for extortion. The IJ denied Del Cid's application, and the BIA affirmed the denial, adopting the IJ's decision.

Ordinarily, "this court has the authority to review only the BIA's decision"; we may, however, "review the IJ's findings and conclusions if[, as in this instance,] the BIA adopts them". *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009) (citations omitted). "We review factual findings of the BIA and IJ for substantial evidence, and questions of law *de novo* . . . ." *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007) (citation omitted).

"Asylum is discretionary and may be granted to an alien who is unable or unwilling to return to [her] home country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a [PSG], or political opinion." *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (internal quotation marks and citation omitted). "To be eligible for withholding of removal, an applicant must demonstrate a clear

probability of persecution on the basis of race, religion, nationality, membership in a [PSG], or political opinion" if the applicant is removed. *Chen v. Gonzales*, 470 F.3d 1131, 1138 (5th Cir. 2006) (internal quotation marks and citations omitted).

The IJ and BIA determined Del Cid was not entitled to asylum because she had not suffered persecution in El Salvador. The BIA identifies "persecution" as: "[T]he infliction of suffering or harm, under government sanction, upon persons who differ in a way regarded as offensive (*e.g.*, race, religion, political opinion, etc.), in a manner condemned by civilized governments". *Abdel-Masieh v. INS*, 73 F.3d 579, 583 (5th Cir. 1996) (alteration in original) (citation omitted). "Persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Eduard v. Ashcroft*, 379 F.3d 182, 187 n.4 (5th Cir. 2004) (internal quotation marks and citations omitted). Although Del Cid received threatening telephone calls, this does not rise to the level of persecution. *See id.* at 187–88 (declining to find persecution even though an alien was "struck in the head" and exposed to "denigration, harassment, and threats").

In addition, the IJ and BIA found Del Cid's alleged well-founded fear of future persecution lacked a nexus to a viable PSG. To be a member of a PSG, an alien must belong to "a group of persons that share a common immutable characteristic that they either cannot change or should not be required to change because it is fundamental to their individual identities or consciences". *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012) (internal quotation marks and citations omitted). Such a group has "social visibility", meaning its members are readily identifiable in society based on shared characteristics, and "particularity", meaning the group can be defined in a manner that it "would be recognized, in the society in question, as a discrete

class of persons". *Id.* at 519 (citation omitted). The BIA determined the PSG Del Cid provided to the IJ, "Salvadoran women who fear Violence & Delinquency in their home country", was impermissibly circular, as it was defined by the possibility members would be persecuted.

Rather than dispute the finding of circularity, Del Cid contends the IJ and BIA failed to consider a PSG of "Salvadoran women threatened by gang members because of their status as a crime witness", which she maintains was implicitly raised by her testimony before the IJ. Del Cid explicitly defined this group for the first time, however, in her brief before the BIA.

Because the BIA is an appellate entity, the parties must "fully develop the record before the Immigration Judge". *Matter of W-Y-C- and H-O-B-*, 27 I. & N. Dec. 189, 190 (B.I.A. 2018). An asylum applicant, therefore, has a duty to "clearly indicate . . . the exact delineation of any particular social group(s) to which she claims to belong". *Matter of A-T-*, 25 I. & N. Dec. 4, 10 (B.I.A. 2009) (citation omitted). "[T]he BIA is not required to consider a PSG on appeal that was never presented to the [IJ]"; "although it is within the BIA's prerogative to evaluate a reformulated PSG based on the record below", the BIA does not commit reversible error by declining to do so. *Cantarero-Lagos v. Barr*, 924 F.3d 145, 148, 151 (5th Cir. 2019). Because, *inter alia*, Del Cid did not properly present her witness-based PSG to the IJ, she has not established entitlement to relief because of it. *See id.*

"The standard for withholding of removal" requires showing an alien "would be persecuted in the country of removal because of the alien's race, religion, nationality, membership in a [PSG], or political opinion". *Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004) (per curiam) (internal quotation marks and citation omitted). As in that case, because "[Del Cid] has not established her eligibility for consideration for asylum" by making such a

showing, having failed in her claim of persecution based on membership in a PSG, "she necessarily cannot succeed on her application for withholding of removal". *Id.* (citations omitted).

DENIED.

Judge Haynes concurs in the judgment only.