NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SATVIR SINGH, | No. 18-71912 |
| Petitioner, | Agency No. A208-383-161 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2020[**]
Seattle, Washington

Before: IKUTA and R. NELSON, Circuit Judges, and OLIVER,[***] District Judge.

Satvir Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals's ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his applications for asylum,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review questions of law de novo, except to the extent that the BIA's interpretation of governing statutes and regulations deserves deference, *Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008), and we review the agency's factual findings for substantial evidence, *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

The BIA did not err in declining to consider Singh's arguments regarding membership in two proposed particular social groups that he raised for the first time on appeal before the BIA. *See Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019); *In re W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 190–91 (B.I.A. 2018).

Further, to the extent Singh did raise a proposed particular social group before the IJ, the BIA did not err in determining that it was not cognizable. *See In re A-B-*, 27 I. & N. Dec. 316, 334 (A.G. 2018) (a particular social group is not cognizable unless it exists independently of the harm asserted); *In re M-E-V-G-*, 26 I. & N. Dec. 227, 241 (B.I.A. 2014) ("landowners" is not a cognizable particular social group unless the society shares a common understanding of landownership and considers landowners to be a discrete, distinct group).

Substantial evidence supports the agency's determination that the harm Singh suffered resulted from an intrafamily dispute rather than persecution based on a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 739 (9th Cir.

2009) ("[T]he term 'on account of' in [8 U.S.C.] § 1101(a)(42)(A) requires an asylum applicant to prove that she was persecuted '*because of*' a protected ground."); *Molina-Morales v. I.N.S.*, 237 F.3d 1048, 1052 (9th Cir. 2001) (personal vendetta does not constitute a protected ground).

Accordingly, Singh's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because Singh failed to show that it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to India. *See Tamang v. Holder*, 598 F.3d 1083, 1095 (9th Cir. 2010). Singh failed to show that the past harm he experienced rose to the level of torture, and the agency reasonably concluded that Singh could safely relocate internally within India after considering his individualized situation. *See id.*; *Singh v. Whitaker*, 914 F.3d 654, 661, 663 (9th Cir. 2019).

Accordingly, Singh's CAT claim also fails.

**PETITION FOR REVIEW DENIED.**