NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 27 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAMON ANTONIO SAENZ MARTINEZ, AKA Ramon Antonio Saenz-Martinez, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 19-71075 Agency No. A075-433-362 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 14, 2020[**]
San Francisco, California

Before: HAWKINS and CHRISTEN, Circuit Judges, and GRITZNER,[***] District
Judge.

Ramon Antonio Saenz Martinez, a native and citizen of Nicaragua, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

[***]    The Honorable James E. Gritzner, United States District Judge for the
Southern District of Iowa, sitting by designation.

an Immigration Judge's decision denying his application for withholding of removal and relief under the Convention Against Torture. We review for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

Substantial evidence supports the agency's conclusion that the single beating Saenz Martinez suffered in 1988 at the hands of Sandinista supporters, which did not require medical treatment, and the five or six sporadic, unfulfilled threats he experienced between 1988 and 2004 did not rise to the level of past persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1020 (9th Cir. 2006).

Substantial evidence also supports the agency's conclusion that Saenz Martinez failed to show it was more likely than not he would be persecuted in Nicaragua on account of his political opinion. Saenz Martinez presented no evidence that he was an anti-Sandinista activist and denied being affiliated with any political party in Nicaragua. There was similarly no evidence that the Sandinistas have a pattern of persecuting those who resist Sandinista recruitment but are not activists. Saenz Martinez also failed to prove individualized risk where he only experienced one beating twenty-nine years earlier followed by sporadic, unfulfilled verbal threats; his ex-wife, three children, and two siblings currently

2

reside safely and unharmed in Nicaragua; and his brother, who holds similar anti-Sandinista views and was verbally threatened once in 2000, remains living in Nicaragua and has not been attacked or harmed for opposition views. *See Sinha v. Holder*, 564 F.3d 1015, 1022 (9th Cir. 2009).

The BIA did not err in declining to consider Saenz Martinez's disfavored group of "those that oppose the Sandinistas," which he articulated for the first time on appeal before the BIA. *See Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) (per curiam) (holding that the BIA may refuse to entertain arguments raised for the first time on appeal); *see also Matter of W-Y-C & H-O-B-*, 27 I. & N. Dec. 189, 191 (BIA 2018) ("Where, as here, an applicant delineates a social group for the first time on appeal, the Immigration Judge will not have had an opportunity to make relevant factual findings, which we cannot do in the first instance on appeal.").

Substantial evidence also supports the agency's denial of Saenz Martinez's CAT claim because he failed to establish that it is was more likely than not, he will be tortured by or with the acquiescence of the government in Nicaragua. *See Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 894 (9th Cir. 2018).

Finally, we reject Saenz Martinez's contention that the IJ violated his due process rights by excluding an untimely filed exhibit because Saenz Martinez failed to establish prejudice. *See Lata v. I.N.S.*, 204 F.3d 1241, 1246 (9th Cir.

2000).

Saenz Martinez's motion to stay removal (Docket Entry No. 1) is denied as moot.  The temporary stay of removal will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**