# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 19, 2021

Lyle W. Cayce
Clerk

No. 19-60706
Summary Calendar

Ingrid Manzano-Murillo; Edwin Johan Alvarado-Manzano; Suany Jasary Alvarado-Manzano,

*Petitioners*,

*versus*

Jeffrey A. Rosen, *Acting U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A202 181 350
BIA No. A202 181 351
BIA No. A202 181 352

Before Davis, Stewart, and Dennis, *Circuit Judges*.

Per Curiam:*

Ingrid Manzano-Murillo, a native and citizen of Honduras, on behalf of herself and her two minor children, seeks review of the dismissal by the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Board of Immigration Appeals (BIA) of their appeal from the immigration judge's (IJ) denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Petitioners argue, among other things, that the BIA erred by declining to consider one of their proposed particular social groups (PSGs) and in finding that they failed to establish the requisite nexus between their feared persecution and their membership in a PSG.

Because the BIA approved of, and relied on, the IJ's findings, we review the decisions of both the BIA and IJ. *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Additionally, we review for substantial evidence the determination that an alien is not eligible for relief. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). Under that standard, we may not reverse the factual findings of the BIA unless the evidence compels it. *Id.* at 517-18.

As to petitioners' first argument, the petitioners submitted two briefs to the IJ, wherein they proposed three particular social groups: "witnesses who have cooperated with law enforcement against criminals in Honduras," "family members of witnesses who have cooperated with law enforcement against criminals in Honduras," and "immediate family members of Edwin Alvarado." They now contend that the documentary evidence they submitted to the IJ and their counsel's closing argument to the IJ allowed for the reasonable inference that they intended to propose a fourth PSG comprised of Hondurans who participated in a witness protection program. Thus, petitioners argue that the BIA erred by declining to consider their applications in light of that fourth group.

An asylum applicant has the burden to establish his entitlement to relief by "clearly indicat[ing] on the record before the [IJ] . . . the exact delineation of any particular social group(s) to which she claims to belong."

*Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 191 (BIA 2018) (internal quotation marks and citations omitted).  During proceedings before the IJ, petitioners never made clear their intent to propose a fourth PSG.  Neither petitioners' documentary evidence, counsel's remarks at closing, nor Manzano-Murillo's testimony sufficed to raise petitioners' participation in witness protection as a cognizable PSG, given that they were represented by counsel in his immigration proceedings and counsel was given the opportunity to articulate the parameters of the PSGs that petitioners were proposing.  *See Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. at 191-93.  Accordingly, they fail to demonstrate that the BIA erred in declining to consider a different PSG for the first time on appeal from the IJ.  *See Cantarero-Lagos v. Barr*, 924 F.3d 145, 150-51 (5th Cir. 2019).

As to petitioners' second argument, they fail to show any error in the BIA's findings that petitioners did not demonstrate that a "central reason" for any persecution was their membership in one of the PSGs that was properly before the BIA and, accordingly, that the BIA's determination was not supported by substantial evidence. 8 U.S.C. § 1158(b)(1)(B)(1); *see Orellana-Monson*, 685 F.3d at 518.  Because petitioners have failed to show that they were or would be persecuted based on a protected ground, they are ineligible for asylum, and we do not reach petitioners' other asylum-related arguments.

In light of the foregoing, petitioners have not demonstrated that the evidence compels a reversal of the BIA's denial of asylum.  *See Orellana-Monson*, 685 F.3d at 518, 521-22.  Petitioners do not challenge the BIA's denial of their applications for withholding of removal or CAT protection. They have therefore abandoned those claims by failing to brief them.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Accordingly, petitioners' petition for review are DENIED.