# Matter of W-Y-C- & H-O-B-, Respondents

*Decided January 19, 2018*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) An applicant seeking asylum or withholding of removal based on membership in a particular social group must clearly indicate on the record before the Immigration Judge the exact delineation of any proposed particular social group.

(2) The Board of Immigration Appeals generally will not address a newly articulated particular social group that was not advanced before the Immigration Judge.

FOR RESPONDENT: Omar O. Vargas, Esquire, Houston, Texas

FOR THE DEPARTMENT OF HOMELAND SECURITY: Peter Gannon, Associate Legal Advisor

BEFORE: Board Panel: MALPHRUS, MULLANE, and LIEBOWITZ, Board Members.

MALPHRUS, Board Member:

In a decision dated December 28, 2016, an Immigration Judge denied the respondents' applications for asylum and withholding of removal and ordered them removed from the United States. The respondents have appealed from that decision. The appeal will be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondents are a mother and her minor son, who are natives and citizens of Honduras. They entered the United States without being admitted or paroled and have conceded removability under section 212(a)(6)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(A)(i) (2012). The female respondent, who was represented during the proceedings below, is seeking asylum and withholding of removal based on her membership in a particular social group.[1] She argued that she was a member of a social group comprised of "[s]ingle Honduran women age 14 to 30 who are victims of sexual abuse within the family and who cannot turn to the government." The Immigration Judge concluded that this group was not cognizable under

---

[1]  The respondents' claim is based on the female respondent's application for relief, and we therefore refer to her when we reference a single respondent.

the Act and found that the respondent did not establish that the harm she suffered and fears was or would be inflicted "on account of" her membership in the claimed group.

The respondent concedes on appeal that the group she articulated before the Immigration Judge does not constitute a valid particular social group based on existing precedent. Instead, she asserts that she is eligible for asylum and withholding of removal based on her membership in a new particular social group that she has articulated for the first time on appeal, namely, "Honduran women and girls who cannot sever family ties."[2]

## II. ANALYSIS

"The Board is an appellate body whose function is to review, not to create, a record." *Matter of Fedorenko*, 19 I&N Dec. 57, 74 (BIA 1984). It is therefore imperative that the parties fully develop the record before the Immigration Judge. We have long held that we generally will not consider an argument or claim that could have been, but was not, advanced before the Immigration Judge. *See, e.g.*, *Matter of J-Y-C-*, 24 I&N Dec. 260, 261 n.1 (BIA 2007) (declining to consider for the first time on appeal a basis for asylum that was not raised below); *Matter of R-S-H-*, 23 I&N Dec. 629, 638 (BIA 2003); *Matter of Jimenez*, 21 I&N Dec. 567, 570 n.2 (BIA 1996). Circuit courts, including the United States Court of Appeals for the Fifth Circuit, in whose jurisdiction this case arises, have upheld our authority to not consider such arguments. *See Eduard v. Ashcroft*, 379 F.3d 182, 195 n.14 (5th Cir. 2004); *see also Prabhudial v. Holder*, 780 F.3d 553, 555 (2d Cir. 2015) ("It is a basic rule of appellate review, judicial or administrative, that the appellate body may conclude that an argument not advanced before a lower court has been waived."); *Larios v. Holder*, 608 F.3d 105, 110 (1st Cir. 2010); *Pinos-Gonzalez v. Mukasey*, 519 F.3d 436, 440–41 (8th Cir. 2008) (holding that the Board, as an appellate body, has discretionary authority to refuse to consider arguments not raised below); *Torres de la Cruz v. Maurer*, 483 F.3d 1013, 1022–23 (10th Cir. 2007).

Removal proceedings, which are adversarial in nature, are designed to provide the parties with an opportunity to develop the record by presenting evidence and testimony before an Immigration Judge, who makes the necessary factual findings and legal conclusions based on the claims

---

[2] On the notice of appeal, the respondent also argues that she was a member of a social group comprised of "[t]eenage daughters with nowhere to go for protection." However, she does not advance this argument in her appellate brief, so we decline to address it. *See Claudio v. Holder*, 601 F.3d 316, 319 (5th Cir. 2010) (holding that arguments raised in a notice of appeal that are not advanced in an appellate brief may be deemed waived).

presented. *See Matter of L-A-C-*, 26 I&N Dec. 516, 521 (BIA 2015). It is an applicant's burden to establish her claim for relief or protection on the record before the Immigration Judge. *See id.* at 518–24. Therefore an applicant for asylum or withholding of removal must "clearly indicate" on the record before the Immigration Judge "what enumerated ground(s) she is relying upon in making her claim." *Matter of A-T-*, 25 I&N Dec. 4, 10 (BIA 2009). Where an applicant raises membership in a particular social group as the enumerated ground that is the basis of her claim, she has the burden to clearly indicate "the exact delineation of any particular social group(s) to which she claims to belong." *Id*. (citing *Matter of A-T-*, 24 I&N Dec. 617, 623 n.7 (A.G. 2008)).

While it is an applicant's burden to specifically delineate her proposed social group, the Immigration Judge should ensure that the specific group being analyzed is included in his or her decision. If an applicant is not clear as to the exact delineation of the proposed social group, the Immigration Judge should seek clarification, as was done in this case. It is important to our appellate review that the proposed social group is clear and that the record is fully developed. *See Matter of S-H-*, 23 I&N Dec. 462, 465 (BIA 2002).

The importance of articulating the contours of any proposed social group before the Immigration Judge is underscored by the inherently factual nature of the social group analysis. "A determination whether a social group is cognizable is a fact-based inquiry made on a case-by-case basis, depending on whether the group is immutable and is recognized as particular and socially distinct in the relevant society." *Matter of L-E-A-*, 27 I&N Dec. 40, 42 (BIA 2017). Moreover, even if a particular social group is deemed cognizable, an applicant must establish her "membership in that group, and persecution or fear of persecution on account of [her] membership in that group." *Id.* at 43. The resolution of such issues is also inherently factual in nature. *See id.* at 44 (citing *Matter of N-M-*, 25 I&N Dec. 526, 532 (BIA 2011)).

While we review the ultimate determination whether a proposed group is cognizable de novo, we review an Immigration Judge's factual findings underlying that determination for clear error. *See Matter of W-G-R-*, 26 I&N Dec. 208, 209–10 (BIA 2014), *vacated in part and remanded on other grounds by Reyes v. Lynch*, 842 F.3d 1125 (9th Cir. 2016); 8 C.F.R. § 1003.1(d)(3)(i), (ii) (2017). Where, as here, an applicant delineates a social group for the first time on appeal, the Immigration Judge will not have had an opportunity to make relevant factual findings, which we cannot do in the first instance on appeal. *See* 8 C.F.R. § 1003.1(d)(3)(iv); *see also Matter of S-H-*, 23 I&N Dec. at 465. Indeed, absent other dispositive findings, a remand for further fact-finding and a new decision may be unavoidable if an applicant is

allowed to "change the description of her purported social group midstream." *Arévalo-Girón v. Holder*, 667 F.3d 79, 82 n.2 (1st Cir. 2012) (declining to address a particular social group that is articulated for the first time on appeal). Moreover, it would further strain the limited resources of our already overburdened Immigration Court system to remand a case to develop a claim that could have been raised previously.

This case illustrates the point. Before the Immigration Judge, the respondent, through counsel, articulated a single particular social group to which she claimed to belong. The Immigration Judge considered the group articulated by the respondent and, based on his factual findings regarding the lack of perceptions of Honduran society toward members of the defined group, concluded that it lacked social distinction. *See, e.g.*, *Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 787 (5th Cir. 2016) (recognizing that factual findings underlie the analysis of a group's social distinction); *Sanchez-Robles v. Lynch*, 808 F.3d 688, 691 (6th Cir. 2015). In addition, the Immigration Judge concluded, based on the group articulated below, that the respondent did not establish that the harm she suffered and fears was or would be inflicted "on account of" her membership in that group, a determination that also depends on findings of fact.

Rather than asking us to review these findings, the respondent has articulated a new social group that is substantially different from the one delineated below. Because this group was not advanced below, the Immigration Judge did not have the opportunity to make the underlying findings of fact that are necessary to our analysis of the respondent's eligibility for asylum and withholding of removal, and we cannot make these findings for the first time on appeal.

The respondent was represented by counsel below and could have advanced this newly delineated group before the Immigration Judge.[3] Even if we construed the articulation of a new social group for the first time on appeal as a motion to remand, such a motion would not be based on new, previously unavailable material evidence. *See Matter of Coelho*, 20 I&N Dec. 464, 471–73 (BIA 1992) (outlining the requirements for a motion to remand). Accordingly, we decline to remand proceedings for the Immigration Judge to make factual findings regarding the respondent's new particular social group, and we will not consider this group in the first instance on appeal. *See, e.g.*, *Baltti v. Sessions*, 878 F.3d 240, 244–45 (8th Cir. 2017) (finding no jurisdiction to review a newly defined social

---

[3] The respondent argues that the newly defined social group is supported by *Matter of A-R-C-G-*, 26 I&N Dec. 388 (BIA 2014). That case was decided prior to the respondent's removal proceedings, so she had ample opportunity before the Immigration Judge to articulate a proposed particular social group on this basis.

group because the claim based on "membership in that narrowed social group" had not been raised below); *Juarez v. Sessions*, 693 F. App'x 668, 669 (9th Cir. 2017) (same); *Duarte-Salagosa v. Holder*, 775 F.3d 841, 845 (7th Cir. 2014) (declining to address a particular social group raised for the first time on appeal); *Arévalo-Girón*, 667 F.3d at 82 n.2 (same).[4]

## III.  CONCLUSION

The Immigration Judge found that the social group articulated by the respondent was not cognizable, and the respondents do not dispute this finding on appeal.  We decline to consider the proposed social group that has been presented for the first time on appeal.  We will therefore affirm the Immigration Judge's denial of the applications for asylum and withholding of removal.[5]  Accordingly, the respondents' appeal will be dismissed.

**ORDER:**  The appeal is dismissed.

---

[4]  Our decision in *Matter of M-E-V-G-*, 26 I&N Dec. 227 (BIA 2014), does not endorse allowing applicants to change their particular social group claims on appeal.  *But see Paloka v. Holder*, 762 F.3d 191, 198 (2d Cir. 2014) (citing *Matter of M-E-V-G-* and remanding where the applicant "refined her particular social group during her appeal").  We decided *M-E-V-G-* after it had been litigated at length before the Third Circuit, during which time the court modified the contours of the applicant's proposed particular social group.  *See Matter of M-E-V-G-*, 26 I&N Dec. at 252 n.17 (citing *Valdiviezo-Galdamez v. Att'y Gen. of U.S.*, 502 F.3d 285, 290 & n.3 (3d Cir. 2007)); *see also Valdiviezo-Galdamez v. Att'y Gen. of U.S.*, 663 F.3d 582, 588–89 (3d Cir. 2011).  In that case, we were bound to follow the Third Circuit's decision, including its modification of the proposed social group.

[5]  The Immigration Judge also denied the respondent's application for protection under the Convention Against Torture.  Because she has not meaningfully challenged that denial, we deem the issue waived.  *See Matter of N-A-I-*, 27 I&N Dec. 72, 73 n.1 (BIA 2017).