NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OLGA NELLY MANCIA-LIMAS; ELIANY MANCIA-LIMAS, <br><br> Petitioners, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.  17-70340 <br><br> Agency Nos.  A206-792-128 <br> A206-792-127 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2019**
Seattle, Washington

Before:  HAWKINS, W. FLETCHER, and BENNETT, Circuit Judges.

Petitioners Olga Nelly Mancia-Limas ("Olga") and Eliany Mancia-Limas

("Eliany") seek review of a decision of the Board of Immigration Appeals ("BIA")

denying their claims for asylum, withholding of removal, and Convention Against

Torture ("CAT") relief. We deny the petition.

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

"We review denials of asylum, withholding of removal, and CAT relief for substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016) (internal quotation marks and citation omitted).

The BIA concluded that neither Petitioner raised before the immigration judge ("IJ") the contention that their asylum claims were based upon their memberships in any particular, discrete social group. We have reviewed the record, and we agree that Petitioners failed to articulate any protected ground on which their alleged persecution was or would be based. The BIA therefore did not err by determining the issue waived. *See Matter of W-Y-C- & H-O-B-*, 27 I & N Dec. 189, 190 (BIA 2018). Because an asylum applicant must establish that any past persecution "was on account of one or more protected grounds," *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1083 (9th Cir. 2013) (quoting *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010)), Petitioners' waiver is fatal to their claims for asylum.

Waiver aside, we also conclude that substantial evidence supports the BIA's conclusion that Olga's claims are not based upon persecution, but rather, at most, upon harassment. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003). Substantial evidence also supports the BIA's holding that any persecution suffered

by Eliany at the hands of her abusive uncle was not "committed . . . by forces that the government was unable or unwilling to control." *Henriquez-Rivas*, 707 F.3d at 1083. Thus, neither Petitioner has established eligibility for asylum.

Because Petitioners have failed to meet the lesser burden of proof for establishing eligibility for asylum, it follows that they cannot meet the higher standard for withholding of removal. *See* 8 C.F.R. § 208.16(b); *see also Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004).

Finally, the BIA denied Petitioners' application for protection under the CAT. Petitioners waived their challenge to this denial by failing to substantively address it in their petition for review. *See Rios v. Lynch*, 807 F.3d 1123, 1125 n.1 (9th Cir. 2015) (holding that petitioner "abandoned his claims for asylum and CAT protection by not addressing them with any specificity in his briefs"). We therefore deny Petitioners' petition for review with regard to their CAT claims.

**PETITION DENIED.**