**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1018**

JULIO CESAR ROSALES-BELTRAN,

          Petitioner,

      v.

WILLIAM P. BARR, Attorney General,

          Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: November 22, 2019               Decided: December 6, 2019

Before DIAZ, HARRIS, and QUATTLEBAUM, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

Luis C. Diaz, LAW OFFICES OF LUIS C. DIAZ, LLC, Silver Spring, Maryland, for Petitioner. Joseph H. Hunt, Assistant Attorney General, John S. Hogan, Assistant Director, Ashley Martin, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Julio Cesar Rosales-Beltran, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("Board") order dismissing his appeal from the immigration judge's decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture. Because Rosales-Beltran only raises issues that were not raised on appeal to the Board, we dismiss the petition for review.

"[A]rguments that a petitioner did not raise in the [Board] proceedings have not been exhausted and [we] lack[] jurisdiction to consider them." *Cabrera v. Barr*, 930 F.3d 627, 631 (4th Cir. 2019); *see also* 8 U.S.C. § 1252(d)(1) (2012) (stating that we "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right"). "Only after the [Board] has rendered a decision on an argument or claim is that argument or claim said to have been exhausted." *Cabrera*, 930 F.3d at 631. "In sum, we have consistently held that . . . when a petition contains an argument that has never been presented to the [Board] for consideration, we lack jurisdiction to consider it even if other arguments in the petition have been exhausted." *Id.*

Rosales-Beltran argues that he is not required to fulfill the requirements for demonstrating ineffective assistance of counsel under *In re Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988), if his case is on appeal to the Board and not on a motion to reopen. He further argues that the IJ erred by not clarifying his particular social group, citing *In re W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189 (B.I.A. 2018) (holding IJ must ensure that particular social group asserted by alien is included in the IJ's decision and IJ should seek clarification

2

if particular social group is not clear).  Neither of these issues were presented on appeal to the Board.

Accordingly, because we lack jurisdiction to consider Rosales-Beltran's arguments, we dismiss the petition for review.  We deny as moot the Attorney General's motion for summary disposition.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED*