**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 13 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARVILA ESTRADA ADAME; et al., | No. 18-72420 |
| Petitioners, | Agency Nos. A206-678-712 |
| v. | A206-678-713 |
| | A206-678-714 |
| WILLIAM P. BARR, Attorney General, | A206-678-734 |
| Respondent. | MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2019**

Before: WALLACE, CANBY, and TASHIMA, Circuit Judges.

Marvila Estrada Adame, her husband, and their minor children, natives and

citizens of Mexico, petition for review of the Board of Immigration Appeals'

("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision

denying their applications for asylum and withholding of removal. We have

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and grant in part the petition for review.

The BIA did not err in declining to consider the two proposed particular social groups that petitioners raised for the first time to the BIA. *See Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) (per curiam) (BIA did not err in declining to consider argument raised for the first time on appeal); *see also Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 190-91 (BIA 2018) (where the IJ did not have an opportunity to make relevant factual findings, the BIA cannot do so in the first instance on appeal).

Substantial evidence supports the agency's determination that petitioners failed to establish a nexus between their religion, including a related pacifist ideology, and the harm they experienced or fear in Mexico. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide *some* evidence of [motive], direct or circumstantial" (emphasis in original)); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

The BIA failed to address petitioners' contention that they established a nexus between the harm they experienced and fear and an imputed political opinion based on a perceived association with the Knights Templar. *See Sagaydak*

*v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) ("[T]he BIA [is] not free to ignore arguments raised by a petitioner.").

Thus, we grant the petition for review and remand for the BIA to consider petitioners' imputed political opinion claim in the first instance. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam); *Coronado v. Holder*, 759 F.3d 977, 987 (9th Cir. 2014).

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED**.

18-72420