

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CARLOS ENRIQUE MONTIEL-
GUERRERO,

        Petitioner,

v.

WILLIAM P. BARR, Attorney General,

        Respondent.

No.   16-73949

Agency No. A077-300-601

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 11, 2019
Pasadena, California

Before:  N.R. SMITH and WATFORD, Circuit Judges, and KORMAN,[**] District
Judge.

    Carlos Montiel-Guerrero, a native and citizen of Mexico, petitions for

review of the denial by the Board of Immigration Appeals (BIA) of his application

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

for withholding of removal and Convention Against Torture (CAT) protection. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we grant the petition.

1.      Montiel-Guerrero applied for withholding of removal, asserting that his "life or freedom would be threatened" if he returned to Mexico because of his "membership in a particular social group." *See Ahmed v. Keisler*, 504 F.3d 1183, 1199 (9th Cir. 2007) (quoting 8 U.S.C. § 1231(b)(3)(A)).  On appeal, the government argued that Montiel-Guerrero alleged a new social group, which he did not exhaust below.[1]  We agree that Montiel-Guerrero rephrased the title of his proposed social group.  However, reviewing the record, his description of his proposed social group has not changed.  Before the immigration judge (IJ), Montiel-Guerrero described his group as a "very unique particular group of people who are easily identified, distinct from just any other deportees."  Montiel-Guerrero then described himself as a person "approximately 6 feet" with "fair skin, fair eyes," and a Caucasian appearance.  Before the BIA, Montiel-Guerrero argued that he has immutable traits as shown by "the officers' statement about Mr. Montiel not looking Mexican and not being Mexican."  He further argued that "phenotypically" he "has characteristics distinguishing [him] from the larger

---

[1] At oral argument, Montiel-Guerrero's counsel conceded that he failed to exhaust this issue and withdrew the withholding of removal claim.  Counsel has now filed a motion to withdraw the concession (Dkt. No. 45), which we grant.

culture, regardless of ethnicity." Finally, in his opening brief before this court, he again argues that his group contains immutable characteristics, because "the Mexican authorities identified him as a non-Mexican migrant without national ties and therein susceptible to their criminal scheme."

Neither our court nor the BIA has specifically addressed whether a proposed social group's title or the petitioner's description of that group is the controlling delineation. However, the Attorney General has suggested that, "[i]n analyzing these claims, adjudicators must be careful to focus on the particular social group *as it is defined* by the applicant and ask whether *that group* is distinct in the society in question." *See Matter of L-E-A-*, 27 I. & N. Dec. 581, 594 (A.G. 2019); *see also Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 191 (BIA 2018).

Thus, in light of the disparity between the proposed social group's title and its description, we remand this matter back to the BIA to clarify Montiel-Guerrero's proposed social group. *See INS v. Orlando Ventura*, 537 U.S. 12, 17-18 (2002) (per curiam).

2.      Substantial evidence does not support the BIA's decision regarding CAT relief. Although the IJ addressed several reasons why Montiel-Guerrero failed to establish eligibility for CAT relief, the BIA (applying clear error review) limited its decision to the conclusion that Montiel-Guerrero failed to show "that he would

more likely than not be tortured at the instigation of or with the acquiescence . . . of a public official acting in his or her official capacity." We are limited to reviewing those "reasons explicitly identified by the BIA." *See Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008). Montiel-Guerrero's harm started with local police officers targeting him, arresting him, covering his head, and bringing him to a residence wherein the officers told the occupants (who turned out to be drug smugglers) that "they got somebody else to help them out." However, in the context of CAT relief, the BIA did not specifically address any of the foregoing actions taken by the local police officers in its determination that public officials would not acquiesce in his torture. We therefore are unable to determine whether the BIA considered their role and applied the correct legal standard under *Madrigal v. Holder*, 716 F.3d 499, 509-10 (9th Cir. 2013), or this Circuit's subsequently decided case, *Barajas-Romero v. Lynch*, 846 F.3d 351, 363 (9th Cir. 2017). We therefore remand this issue back to the BIA to consider Montiel-Guerrero's eligibility for CAT relief in light of those cases.

**PETITION FOR REVIEW GRANTED.**