NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-1132

_____

OMAR VACARO CARGOSO
a/k/a Omar Vaquero Cardoso,
                                        Petitioner

v.

ATTORNEY GENERAL
UNITED STATES OF AMERICA

_____

On Petition for Review of a
Decision of the Board of Immigration Appeals
(A077-937-545)
Immigration Judge: Jason L. Pope

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 17, 2020

_____

Before: GREENAWAY, JR., SHWARTZ, and FUENTES, *Circuit Judges*.

(Opinion Filed: April 21, 2021)

_____

OPINION*

_____

_____

    * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

Omar Vacaro Cargoso petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal and affirming an Immigration Judge's ("IJ") decision to deny his request for withholding of removal under the Immigration and Naturalization Act ("INA"). For the reasons that follow, we will dismiss the petition for review.

## I. Background

Cargoso, a native and citizen of Mexico, arrived in the United States in 1995 after the gang Los Vatos Locos tried to recruit him. In February 2001, Cargoso was ordered removed to Mexico. Later that same month, Cargoso left Mexico and returned to the United States.

In 2018, the Department of Homeland Security reinstated the February 2001 removal order. Because Cargoso expressed a fear of returning to Mexico, he was referred to an asylum officer for a reasonable fear interview pursuant to 8 C.F.R. § 208.31(b). The asylum officer concluded that Cargoso did not have a reasonable fear of return to Mexico.

Thereafter, Cargoso requested review of the negative reasonable fear determination by an IJ. The IJ found that Cargoso had established a reasonable fear of persecution and referred the matter to "withholding-only" proceedings pursuant to 8 C.F.R. § 1208.31(g)(2).

Subsequently, Cargoso submitted an application for withholding of removal under

2

the INA and the Convention Against Torture ("CAT"). In his application, Cargoso asserted that he fears that he would be killed or tortured by Los Vatos Locos because they had threatened him in the past, had extorted his father, and had killed his first cousin and nephew. Cargoso, his sister, and his aunt testified before the IJ in support of his application.

Cargoso also argued, *inter alia*, before the IJ that his life or freedom was threatened on account of his membership in three particular social groups: (1) "males of the Vaquero Cardoso family who have been the victims of repeated criminal attacks, including extortion and murder, at the hands of the Vatos Locos gang;" (2) "males who refuse to join the criminal gang of Vatos Locos;" and (3) "Mexican adult males who have already lost male family members to gang violence and are more vulnerable to gang violence themselves."[1] A.R. 469–70.

After a hearing, the IJ denied Cargoso's application for withholding for removal and protection under CAT, despite finding Cargoso credible. The IJ determined that Cargoso did not suffer harm rising to the level of past persecution and, as relevant here, that Cargoso was not eligible for withholding of removal because the proposed particular social group–"males of the Vaquero Cardoso family who have been victims of repeated attacks, including extortion and murder by the gang Vatos Locos"–is not legally cognizable.

---

[1] Cargoso did not pursue the second and third iterations of his proposed particular social groups before the BIA.

Cargoso appealed to the BIA, arguing that "males of the Vaquero Cardoso family who have been victims of repeated attacks, including extortion and murder by the gang Vatos Locos" qualified as a cognizable particular social group for the purposes of withholding of removal eligibility. The BIA dismissed the appeal, affirming the IJ's decision regarding the single proposed social group and reasoning that Cargoso did not establish that this group was legally cognizable. Cargoso filed this timely petition for review.

## II. Discussion

We have jurisdiction to review final orders of the BIA pursuant to 8 U.S.C. § 1252(a). Because the BIA invoked aspects of the IJ's analysis and factual findings, we review both the BIA's decision and those aspects of the IJ's. *Ordonez-Tevalan v. Att'y Gen.*, 837 F.3d 331, 340–41 (3d Cir. 2016).

Our jurisdiction is constrained by the requirement of exhaustion of administrative remedies. We may review a final order of the BIA "only if . . . the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). "[A]n alien is required to raise and exhaust his or her remedies as to each claim or ground for relief if he or she is to preserve the right of judicial review of that claim." *Abdulrahman v. Ashcroft*, 330 F.3d 587, 594–95 (3d Cir. 2003). As this Court has recognized, as long as a petitioner makes "some effort, however insufficient, to place the [BIA] on notice of a straightforward issue being raised on appeal, a petitioner is deemed to have exhausted her administrative remedies." *Yan Lan Wu v. Ashcroft*, 393 F.3d 418, 422 (3d Cir. 2005)

(citing *Bhiski v. Ashcroft*, 373 F.3d 363, 367–68 (3d Cir. 2004)).

Cargoso now proposes for the first time that "males of the Vaquero Cardoso family" is a cognizable particular social group.  In doing so, Cargoso concedes that the particular social group exhausted in his BIA appeal – "males of the Vaquero Cardoso family who have been victims of repeated attacks, including extortion and murder by the gang Vatos Locos" – is clearly precluded by our own precedent.  *See Lukwago v. Ashcroft*, 329 F.3d 157, 172 (3d Cir. 2003) (finding that a social group "must exist independently of the persecution suffered by the applicant.").  Instead, Cargoso asks us to determine in the first instance whether both the IJ and BIA were required to determine whether "males of the Vaquero Cardoso family" was a legally cognizable social group by engaging in a "cooperative approach"[2] with Cargoso.  Cargoso did not first present this proposed particular social group before the BIA, nor did he argue that both the BIA and

---

[2] Cargoso argues that pursuant to the United States' so-called "nonrefoulement obligations" under the 1967 United Nations Protocol Relating to the Status of Refugees, the BIA and IJ were required to engage in a "cooperative approach" to reformulate an otherwise insufficient proposed social group.  By all accounts, Cargoso's "cooperative approach" appears to be a principle that requires the BIA and IJ to inject themselves into the process of revising a proposed social group to ultimately be cognizable. This approach would require the BIA and IJ to engage in the first instance a role neither should play.  Our Court has not embraced this approach in any precedent.  As such, Cargoso's "cooperative approach" would create a shifting of burdens from the petitioner to articulate a particular social group to the BIA and IJ to revise an articulated particular social group that would otherwise be rejected.  This is a process that we cannot endorse or embrace.  *See Cantarero-Lagos v. Barr*, 924 F.3d 145, 151–52 (5th Cir. 2019) (affirming the requirement that a petitioner must provide an "exact delineation" of his particular social group before the IJ); *Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 192 (B.I.A. 2018) (noting that the BIA will not consider a particular social group that was not first presented to the IJ).

IJ were required to engage in a process to help him reformulate his proposed particular social group. Instead, Cargoso strictly argued before the BIA that "[t]he IJ erred in determining that the proposed group of males of the Vaquero family who have been victims of repeated attacks, including extortion and murder by the gang Los Vatos Locos, is not a cognizable particular social group."[3] A.R. 16.

Thus, because Cargoso did not raise this claim before the BIA, it is not exhausted. Consequently, we lack jurisdiction to consider it. *See Abdulrahman*, 330 F.3d at 594 ("But because [the petitioner] failed to raise that issue in his appeal to the [BIA], we do not have jurisdiction to consider the question.").

### III. Conclusion

For the foregoing reasons, we will dismiss the petition for review.

---

[3] The BIA also determined that Cargoso waived any challenge to the IJ's determination to deny his request for protection under CAT. Cargoso does not challenge the BIA's finding and does not argue before us that he is entitled to CAT protection. Thus, his claim for CAT protection has been waived.