**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-3282

_____

ANTONIO ROBERT COLE,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review from the
Board of Immigration Appeals
No. A216-647-063
Immigration Judge: Honorable Nelson A. Vargas-Padilla

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 21, 2021

Before: SMITH, *Chief Judge*, McKEE, and RESTREPO, *Circuit Judges*

(Opinion Filed: September 24, 2021)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SMITH, *Chief Judge.*

Antonio Robert Cole, a native and citizen of Jamaica, petitions for review of the decision by the Board of Immigration Appeals (BIA) to dismiss his appeal from the Immigration Judge's (IJ) denial of withholding of removal. For the following reasons, the petition will be denied.

I.

Cole, who is in his twenties, has resided in the United States illegally since he was a baby. After immigration proceedings were initiated, Cole learned that his father, a former Jamaican police officer whom Cole has not seen or spoken to in many years, was involved in a shootout with a gang in 2000. His father has experienced "direct and indirect" threats on his life since the shootout, including a November 2012 incident in which he was shot and injured. AR 91. Since then, he has lived unharmed in Jamaica.

Before the IJ, Cole applied for withholding of removal[1] on the basis that he is a member of the particular social group (PSG), "son of a police officer in

---

[1] Cole also applied for protection under the Convention Against Torture (CAT). The IJ denied CAT relief and the BIA upheld that decision. Because Cole's brief to this Court does not present any arguments concerning the denial of CAT protection, the claim is waived, and we will not discuss it further. *See Chen v. Ashcroft*, 381 F.3d 221, 235 (3d Cir. 2004) (holding that a failure to challenge the denial of a form of relief results in waiver of the claim).

Jamaica." He claimed as a member of that PSG to fear violence in retaliation for his father's anti-gang actions.

The IJ found Cole credible and observed that Cole's parents had submitted documents corroborating aspects of his testimony. The IJ determined, however, that relief was not warranted because a preponderance of the evidence did not support withholding of removal. The IJ observed, among other things, that the most recent violence against Cole's father occurred more than eight years ago and there was insufficient evidence that gang members are still pursuing him. In addition, Cole's testimony that the gangs would know of his familial relationship with his father based on resemblance was mere speculation. Although the IJ expressed sympathy for Cole, he concluded, "there just is not enough here to grant" relief. AR 94.

On appeal, the BIA affirmed and adopted the IJ's decision, agreeing that Cole did not meet his burden of proof. Cole timely filed this petition for review.

II.[2]

To qualify for withholding of removal, Cole was required to "establish a 'clear probability of persecution,' i.e., that it is more likely than not, that [he]

_____

[2] We have jurisdiction to review the BIA's final order of removal under 8 U.S.C. § 1252(a)(1). Although we review the BIA's decision, when, as here, the BIA adopts the IJ's decision, we may consider both. *Mendoza-Ordonez v. Att'y Gen.*, 869 F.3d 164, 168–69 (3d Cir. 2017).

would suffer persecution" in Jamaica. *Valdiviezo-Galdamez v. Att'y Gen.*, 663 F.3d 582, 591 (3d Cir. 2011) (citing *INS v. Stevic*, 467 U.S. 407, 429–30 (1984)); *see also* 8 U.S.C. § 1231(b)(3). He was also required to show that any persecution would be "on account of" a protected ground—in his case, membership in a PSG. *See Valdiviezo-Galdamez*, 663 F.3d at 591.

## A.

Cole argues that the IJ and BIA "impermissibly failed to mention or consider affidavit evidence" that was helpful to his application. Cole Br. 6. While he acknowledges that the IJ and BIA considered and relied upon certain aspects of the documents Cole submitted, he contends that the agency "ignored" favorable portions and "cherry picked" less helpful portions.

Specifically, Cole observes that the IJ must have credited at least some aspects of his father's statement,[3] because that statement set forth the circumstances of the November 2012 attack by gang members, which the IJ and BIA accepted as true. But, Cole contends, the IJ did not similarly credit other parts of the statement, including his father's observation that the gang "has pictures of [Cole] and know[s] he is in immigration custody" and his opinion that Cole "would be killed if he is returned to Jamaica." AR 222. Cole argues that the failure to acknowledge these favorable aspects of his father's statement constitutes reversible

---

[3] Cole's brief incorrectly describes the father's unsworn statement as an affidavit.

error.  *See Fei Mei Cheng v. Att'y Gen.*, 623 F.3d 175, 182 (3d Cir. 2010) (observing that the BIA may not ignore evidence in the record that favors the petitioner).

We disagree.  Even if we were to conclude that there was error, any such error would be harmless in light of the substantial evidence supporting the ultimate decision to deny withholding of removal.  *See Li Hua Yuan v. Att'y Gen*, 642 F.3d 420, 427 (3d Cir. 2011).  At Cole's hearing, he testified that his father did not experience any violence after the November 2012 attack and expressed his belief that gang members would recognize him only based on his resemblance to his father.  He also testified that he has never been contacted by, or threatened by, any gang members and that he knows of no evidence that gangs wish to harm him.

Cole's own testimony provides substantial evidence to support the conclusion that he did not meet his burden of proof for withholding of removal.  When considering the record as a whole, any favorable information in his father's affidavit is not so compelling as to undermine the agency's determination.  *See Mendoza-Ordonez*, 869 F.3d at 170 (requiring an examination of the record as a whole to determine whether it would compel a reasonable factfinder to reach a contrary determination to that of the BIA).

B.

Cole argues that the IJ and BIA erred by declining to consider his PSG formulation of "family members of persons who have attempted to legally curtail the activities of the deadly and Jamaican criminal gangs." Cole Br. 25. He claims he raised this PSG repeatedly before the IJ, so the BIA should not have deemed it waived.

On his written application for relief, Cole described the PSG as follows: "My father was a police officer in Jamaica." AR 339. At the hearing, the IJ described Cole's proposed PSG as "son of a police officer in Jamaica." AR 03. Cole's counsel agreed to that formulation and the IJ proceeded accordingly. The BIA therefore did not err in limiting its review to the formulation of the PSG before the IJ and deeming any alternative formulations waived. *See Matter of W-Y-C- and H-O-B-*, 27 I&N Dec. 189, 192 (BIA 2018).

Moreover, as the Government correctly observes, the agency's determination did not turn on the nuances of the formulation of the PSG. Rather, the denial of relief rested upon the separate and dispositive ground that Cole failed to satisfy his burden of proof for withholding of removal. As we have already discussed, that conclusion rests on substantial evidence.

III.

For the foregoing reasons, we will deny the petition for review.

6