Villalta Rios v. Garland

BIA
Mulligan, IJ
A078 219 112

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of March, two thousand twenty-three.

PRESENT:
> **GUIDO CALABRESI,**
> **MICHAEL H. PARK,**
> **WILLIAM J. NARDINI,**
> *Circuit Judges.*

_____

**Marvin Moises Villalta Rios, AKA Marvin Rios, AKA Marvin Moises Villalta Escobar,**

> *Petitioner*,

> v.                                                                                    20-2240

**Merrick B. Garland, United States Attorney General,**

> *Respondent.*

_____

**FOR PETITIONER:**                        Robert A. Cini, Esq., New York, NY.

**FOR RESPONDENT:** Brian M. Boynton, Acting Assistant Attorney General; Dawn S. Conrad, Senior Litigation Counsel, Remi Da Rocha-Afodu, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED** in part and **DISMISSED** in part.

Petitioner Marvin Moises Villalta Rios, a native and citizen of El Salvador, seeks review of a June 23, 2020, decision of the BIA affirming a January 3, 2020, decision of an Immigration Judge ("IJ") denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Marvin Moises Villalta Rios,* No. A 078 219 112 (B.I.A. June 23, 2020), *aff'g* No. A 078 219 112 (Immigr. Ct. N.Y.C. Jan. 3, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary[.]"); *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) (reviewing factual findings for substantial evidence and questions of law de novo).

**I.     Withholding of Removal**

Villalta Rios asserted a fear of persecution and torture based on his prior resistance to gang recruitment and his disability, a head injury he suffered in a fall in the United States. To qualify

for withholding of removal, an applicant must show past persecution or that he would "more likely than not" be persecuted, 8 C.F.R. § 1208.16(b)(2), "because of" his "race, religion, nationality, membership in a particular social group, or political opinion," 8 U.S.C. § 1231(b)(3)(A). To constitute persecution, "the conduct at issue must be attributable to the government, whether directly because engaged in by government officials, or indirectly because engaged in by private persons whom the government is unable or unwilling to control." *Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) (quotation marks omitted). Villalta Rios had the burden of showing that his past harm and feared future harm by gang members was or would be on account of a political opinion or membership in a cognizable group of disabled people. The agency did not err in denying withholding of removal on both grounds.

A. Political Opinion

First, "[t]he applicant must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political belief," rather than merely from the persecutor's own opinion. *Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005). "The persecution may also be on account of an opinion *imputed* to the applicant by the persecutor, regardless of whether or not this imputation is accurate." *Hernandez-Chacon v. Barr*, 948 F.3d 94, 102 (2d Cir. 2020). "[O]pposition to criminal elements such as gangs, even when such opposition incurs the enmity of these elements, does not thereby become *political* opposition simply by virtue of the gang's reaction." *Zelaya-Moreno v. Wilkinson*, 989 F.3d 190, 201 (2d Cir. 2021).

Here, Villalta Rios testified that in the late 1990s, before he left El Salvador, gang members beat and cut him because he refused to join them, but he never reported them to the police. He

3

claims that if he returned, gangs would kill him because "they never forget" and that gang members extort "rent" from people by threatening to kill them. Based on these facts, the agency did not err in concluding that Villalta Rios failed to show a nexus between persecution and a political opinion, actual or imputed. He did not express any opinion to the gangs, provide evidence that he had expressed an opinion publicly or had reported the gangs to the police, or allege that the gangs knew of any political opinion he held.

B. Particular Social Group

To constitute a particular social group, the group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Paloka*, 762 F.3d at 196 (quotation marks omitted). Particularity overlaps with social distinction because particularity "require[s] inquiry into whether the group can be described in sufficiently distinct terms that it would be recognized, in the society in question, as a discrete class of persons." *Ordonez Azmen v. Barr*, 965 F.3d 128, 135 (2d Cir. 2020) (quotation marks omitted).

The government argues that Villalta Rios failed to meet his burden of showing "the exact delineation of any particular social group(s) to which []he claims to belong" because he failed to limit his group by any mental or physical disability, the severity of the disability, or its cause. *Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 191 (B.I.A. 2018). We need not reach that question because, even if Villalta Rios's proposed group were cognizable, he failed to present evidence that he would be "a target of persecution primarily on account of his status as a member of the group." *Koudriachova v. Gonzales*, 490 F.3d 255, 263 (2d Cir. 2007). Villalta Rios's evidence does not document persecution of disabled people in El Salvador and, in fact, reflects

4

that El Salvador passed laws in 2001 protecting the rights of disabled people to work and to go to school. Given the lack of evidence that in El Salvador disabled people are generally targets of persecution, the record supports the agency's conclusion that Villalta Rios's claims fail. *See Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008) ("[W]hen a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision.").

**II.    CAT Claim**

We do not reach the merits of Villalta Rios's CAT claim. The BIA concluded that he waived the CAT claim by failing to argue it on appeal, and he does not challenge that determination here apart from a single sentence stating that the BIA "incredulously dismissed" the CAT claim based on waiver. Pet'r Br. at 21; *Zhang*, 426 F.3d at 545 n.7 (deeming claim abandoned where brief addressed it in "only a single conclusory sentence"). Moreover, his brief to the BIA did not argue the government acquiescence issue he raises here. *See Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 123 (2d Cir. 2007) (observing that "usually . . . issues not raised to the BIA will not be examined by the reviewing court"). Because we lack jurisdiction to review a CAT claim that was not raised before the BIA, *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006), we dismiss his petition for review with respect to that claim.

For the foregoing reasons, the petition for review is **DENIED** in part and **DISMISSED** in part. All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5