**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 7 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE BALTA CASCO LANDAVERDE, | No.    18-72770 |
| Petitioner, | Agency No. A200-150-215 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM<sup>*</sup> |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 31, 2023<sup>**</sup>
Seattle, Washington

Before:  NGUYEN and HURWITZ, Circuit Judges, and PREGERSON,<sup>***</sup> District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

Jose Balta Casco Landaverde, a native and citizen of El Salvador, petitions for review of a decision by the Board of Immigration Appeals ("BIA") dismissing an appeal from an order of an immigration judge ("IJ") denying withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing the agency's factual findings for substantial evidence, *see Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022), we deny the petition for review.

1.      Substantial evidence supports the agency's conclusion that Casco failed to articulate a particular social group. Casco concedes that he "did not explicitly state in his I-589 application [for asylum and for withholding of removal] or testimony that he was a member of the particular social group 'persons in El Salvador that testify against gang members or otherwise oppose gang members.'" Indeed, in his written application and at his merits hearing, Casco alleged death threats and demands for money by gang members occurring both before *and* after his employer reported the harassment to the police. There is no evidence that Casco testified against gang members. Accordingly, the agency reasonably concluded that Casco neither met his "burden to specifically delineate h[is] proposed social group," *Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189,

2

191 (B.I.A. 2018),[1] nor established a nexus to a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("[A noncitizen's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

2. Substantial evidence supports the agency's determination that Casco is not entitled to CAT relief because he has not shown that he is more likely than not to suffer torture in El Salvador. *See* 8 C.F.R. § 1208.17(a). Casco allegedly fears that the gang members would torture him if he returned to El Salvador because they would remember him. But he has been in the United States for over a decade and a half, and the company he worked for has been sold. Moreover, the record evidence does not compel a conclusion that the government would acquiesce to gang torture upon his return.

**PETITION DENIED.**

---

[1] Casco argues for the first time in this petition for review that the IJ should have "s[ought] clarification" if the IJ was "not clear as to the exact delineation of the proposed social group." *Matter of W-Y-C-*, 27 I. & N. Dec. at 191. We do not reach this issue because Casco failed to challenge in his BIA appeal the IJ's explicit determination that he failed to articulate a particular social group. *See Arsdi v. Holder*, 659 F.3d 925, 928–29 (9th Cir. 2011) ("We have repeatedly 'held that "failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter."'" (quoting *Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004)).