**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 5 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ADRIAN TORRES TORRES<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 23-528<br><br>Agency No.<br>A206-411-137<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 3, 2024[**]
Pasadena, California

Before: R. NELSON, VANDYKE, and SANCHEZ, Circuit Judges.

Adrian Torres Torres seeks review of a Board of Immigration Appeals ("BIA") decision affirming a decision by an Immigration Judge ("IJ") denying asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

---

  *  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  **  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

When reviewing final orders of the BIA, we apply the highly deferential substantial evidence standard of review. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). "Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions." *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018). Under the substantial evidence standard, the agency's "findings of fact are conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary." *Ruiz-Colmenares*, 25 F.4th at 748 (emphasis in original) (citation omitted). All questions of law are reviewed de novo. *Id.*

To begin, Petitioner asks that we hear his case initially en banc to reconsider this court's en banc opinion in *United States v. Bastide-Hernandez*, 39 F.4th 1187 (9th Cir. 2022) (en banc). He contends that *Bastide-Hernandez* disregarded controlling Supreme Court precedent in *Sebelius v. Auburn Regional Medical Center*, 568 U.S. 145, 154–155 (2013), and *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 440–441 (2011). We deny Petitioner's motion. The en banc court in *Bastide-Hernandez* expressly relied on, and cited, both Supreme Court cases Petitioner mentions. *See Bastide-Hernandez*, 39 F.4th at 1191–92. There is nothing in its reasoning to suggest that these precedents were misapplied. *Bastide-Hernandez* is precedent by which this panel is bound, and Petitioner has provided no reason to reconsider it en banc.

In its decision, the agency declined to consider a proposed political opinion basis as a protected ground for Petitioner. Petitioner before us challenges that refusal. To be eligible for asylum, an applicant must show a likelihood of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Petitioner asserts he has an anti-cartel political opinion. This proposed ground, however, was not included in his application for asylum or withholding of removal. His attorney mentioned it once in passing at a hearing before the IJ and failed to develop it any further on the record. "It is an applicant's burden to establish h[is] claim for relief or protection on the record before the Immigration Judge." *Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 191 (BIA 2018). This burden requires the applicant to "clearly indicate the exact delineation of any particular social group(s) to which []he claims to belong." *See id.* (citation and quotation marks omitted). Because Petitioner failed to do so regarding his claim that he was persecuted as a result of his political opinion, the agency did not err by not addressing that claim.

The agency also correctly concluded that Petitioner's proposed particular social group ("PSG") of "Mexicans who oppose the country's gangs and cartels" was not cognizable. To be cognizable, a PSG must have three key elements: (1) a shared immutable characteristic, (2) particularity, and (3) social distinction. *See*

*Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014). Substantial evidence supports the agency's conclusion that this proposed PSG did not meet the particularity or social distinction requirements. Nothing in the record suggests that Mexican society understands this category to be recognized as a distinct faction within society. The agency also correctly concluded that the term "opposed" in this context was too vague to meet the particularity element because nothing indicated what form that opposition might take.

Substantial evidence, thus, supports the decision to deny asylum and not to withhold removal. Due to petitioner's failure to establish either past persecution, or a well-founded fear of future persecution, the agency's decision to deny asylum is supported by substantial evidence. *See Zehatye v.* Gonzales, 453 F.3d 1182, 1185–1189 (9th Cir. 2006). And because asylum has a lower standard than the standard for withholding of removal, failure to establish eligibility for asylum necessarily means failure to meet the withholding standard. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

The agency also did not err in concluding that Petitioner was not entitled to CAT relief. To obtain such relief, a person must show that it is more likely than not that upon returning to the country of removal he will be tortured by, or with the acquiescence of, the government. 8 C.F.R. § 1208.16(c)(2). The only evidence submitted to support Petitioner's CAT claim was his testimony relating to violence

and crime in Mexico and a country conditions report. This evidence only spoke to generalized crime and violence in the country. The agency was correct in concluding that this is not enough to establish CAT eligibility. *See Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023) ("Generalized evidence of violence and crime is insufficient to establish a likelihood of torture.").

Petitioner's motion for initial hearing en banc (Docket Entry No. 14) is **DENIED**. *See* Fed. R. App. P. 35(a)–(b).

**PETITION DENIED.**