NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| YESENIA ALARCON-CALDERON; CARLOS SANDOVAL-ALARCON,<br><br>            Petitioners,<br><br>   v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>            Respondent. | No. 21-1018<br><br>Agency Nos.<br>A099-517-304<br>A099-517-303<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 7, 2024[**]
Pasadena, California

Before: FORREST and BUMATAY, Circuit Judges, and DONATO, District Judge.[***]

---

        [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

        [***]    The Honorable James Donato, United States District Judge for the Northern District of California, sitting by designation.

Yesenia Lorena Alarcon-Calderon and her son, a derivative beneficiary of his mother's application, petition for review of the Board of Immigration Appeals' (BIA) decision affirming the immigration judge's (IJ) denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). When the BIA summarily affirms the IJ without opinion, we review the IJ's decision as the final agency determination. *Antonio v. Garland*, 58 F.4th 1067, 1072 (9th Cir. 2023). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. ***Asylum and Withholding of Removal.*** Before the agency, Alarcon-Calderon claimed membership in a particular social group (PSG) that she described as "Salvadorian women who are victims of threatened kidnapping by gangs."[1] The IJ concluded this PSG is not cognizable because it is not immutable, particular, or socially distinct. Alarcon-Calderon fails to address these issues on appeal. Instead, she broadly argues that there are "human rights violations in El Salvador [that] include domestic violence, discrimination and commercial sexual exploitation of women and children" and young women with children are vulnerable. Her arguments do not undercut the IJ's findings.

---

[1]Alarcon-Calderon articulates an altered PSG on appeal that was not argued before the IJ. We do not consider this new articulation. *See Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1084 (9th Cir. 2020) (citing *Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 191–92 (BIA 2018)) ("[A] petitioner must delineate [her] proposed social group before the IJ, and may not reframe the group on appeal.").

As to nexus, Alarcon-Calderon argues only that the IJ "rejected any possible nexus to a protected ground given the perpetrator['s] . . . propensity for violence in general" and that "there is no requirement that the persecutor express the reason for the persecution." Again, this does not address the IJ's findings or reasoning. The IJ noted that Alarcon-Calderon was a "victim of a threatened crime," and that the "desire to be free of harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." Alarcon-Calderon fails to point to any law or evidence that contradicts the IJ's conclusion. She testified that the threats her parents received were made to obtain money—there is no evidence showing that they were made on the basis of a protected ground. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1022 (9th Cir. 2023) (upholding IJ decision where "nothing compels the conclusion that the robber in this case was motivated by anything other than underlying economic reasons"); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (holding that random acts of theft or violence bear no nexus to a protected ground).

2. **Convention Against Torture.** The IJ denied CAT protection because Alarcon-Calderon had not shown that the harm she feared would be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." Although Alarcon-Calderon recites some legal principles related to CAT, she makes no arguments specific to the agency's reasons

for denying her CAT claim. She therefore waived any challenge to the agency's CAT determination. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020).

**PETITION DENIED.**