NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 13 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FRANCISCO JAVIER LARIOS GUERRA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    21-70892

Agency No. A095-788-765

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2024[**]
Pasadena, California

Before: TASHIMA, CHRISTEN, and VANDYKE, Circuit Judges.

Francisco Javier Larios Guerra seeks review of a Board of Immigration

Appeals ("BIA") decision affirming a decision by an Immigration Judge ("IJ")

denying his application for cancellation of removal. Because the parties are familiar

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

with the facts, we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition in part and dismiss it in part.

When reviewing final orders of the BIA, we apply a deferential substantial evidence standard of review. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). "Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions." *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018). Under the substantial evidence standard, the agency's "findings of fact are conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary." *Ruiz-Colmenares*, 25 F.4th at 748 (emphasis in original) (citation omitted). All questions of law are reviewed de novo. *Id.* We lack jurisdiction to review denials of the exercise of discretion by the agency in cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B)(i). If a petitioner raises a constitutional claim or question of law relating to the denial of an exercise of discretion, however, we have jurisdiction to review those claims. *See id.* § 1252(a)(2)(D).

To be eligible for cancellation of removal, a "noncitizen bears the burden of proving that he both 'satisfies the applicable eligibility requirements' and 'merits a favorable exercise of discretion.'" *Wilkinson v. Garland*, 601 U.S. 209, 213 (2024) (quoting 8 U.S.C. § 1229a(c)(4)(A)). The agency determined that Petitioner did not satisfy the eligibility requirements and that, even if he had, Petitioner did not merit a favorable exercise of discretion. Although the agency noted that there were

2

positive equities weighing in favor of Petitioner, it found these were outweighed by his criminal history.

As he did before the BIA, Petitioner challenges only the IJ's hardship determination. Because Petitioner does not raise any constitutional claims or questions of law related to the IJ's exercise of discretion, however, we lack jurisdiction to review this claim.

Petitioner also argues that there were defects in his initial notice to appear ("NTA"), and thus that remand is appropriate. Under 8 U.S.C. § 1252(d)(1), a court of appeals may only review a final order of removal if "the alien has exhausted all administrative remedies." Although Petitioner had years to raise this challenge before the agency, he never did so—either before the IJ or the BIA. Thus, the issue is unexhausted and not properly before this court.

Finally, Petitioner asserts that he was not given an opportunity to apply for voluntary departure. This issue, too, is unexhausted. The only time that voluntary departure was ever mentioned before the agency was in a short statement by Petitioner's counsel at a hearing before the IJ. He never raised the issue before the BIA at all. For a claim to be properly before an IJ, arguments relating to it must be developed on the record before the IJ. *See Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 191 (B.I.A. 2018).

**PETITION DENIED in part and DISMISSED in part.**