**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEXANDER MINAS DAWOOD MINASIAN, | No. 19-70192 |
| Petitioner, | Agency No. A208-081-660 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 14, 2021**
San Francisco, California

Before: SCHROEDER, RAWLINSON, and BADE, Circuit Judges.

Petitioner Alexander Minasian (Minasian), a native and citizen of Bahrain,

seeks review of a decision from the Board of Immigration Appeals (BIA)

dismissing his appeal of the denial of his applications for asylum, withholding of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, and relief under the Convention Against Torture (CAT). Minasian also submits that the Immigration Judge (IJ) erred by denying the last of his several requests for a continuance.

In 2010, Minasian came to the United States on a visitor visa shortly after he resigned from his job with a luxury car and jewelry company owned by a prominent Bahraini family. In 2012, a Bahraini court convicted Minasian *in absentia* of forgery and breach of trust, sentencing him to 10 years' imprisonment. A warrant was also issued for his arrest in 2012. His conviction stemmed from his former employment, and he alleges that his employer influenced the judicial proceedings. In 2015, Minasian applied for asylum. Minasian maintained that he feared mistreatment from the corrupt Bahraini court and while imprisoned.

**1.** Substantial evidence supports the agency's determination that Minasian failed to file his asylum application within the one-year time limit and that no exception applies. *See* 8 U.S.C. § 1158(a)(2)(B); *see also Al Ramahi v. Holder*, 725 F.3d 1133, 1134–35 (9th Cir. 2013) (applying substantial evidence standard and describing exceptions to one-year filing deadline: "changed circumstances" or "extraordinary circumstances"). Minasian argues that the timeliness of his asylum claim should be measured from when he first learned of the issuance of an arrest warrant (2015) rather than when he was convicted (2012).

2

We disagree. Minasian's asylum claim is premised on his position that the Bahraini conviction was illegally obtained. Minasian knew of the conviction in 2012 and hired an attorney to appeal it, believing it to be illegal. Indeed, even before the conviction, Minasian had learned that a civil lawsuit had been converted into the criminal case, a procedure Minasian alleges was unusual and only possible due to the family's influence. Substantial evidence supports the agency's determination that no changed circumstances or extraordinary circumstances existed to excuse the untimely filing. *See Dhital v. Mukasey*, 532 F.3d 1044, 1049 (9th Cir. 2008).

**2.** Substantial evidence also supports the agency's conclusion that Minasian failed to clearly articulate a particular social group. *See Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 191 (BIA 2018) (requiring a clear indication in the administrative record of "the exact delineation of the proposed social group"). Minasian's proposed social group before us is "victims of corrupt judicial proceedings in Bahrain." Minasian argues that he sufficiently articulated this group in a motion for continuance. This motion, however, merely set forth the means of persecution (wrongful conviction), not the contours of the proposed particular social group. *See Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1086 (9th Cir. 2020). During his testimony, the closest Minasian came to articulating a particular

3

social group was repeated references to "corruption." The IJ reasonably interpreted this testimony as a fear of persecution based on political opinion, and concluded that Minasian failed to establish a nexus between his asserted political opinion and the claimed persecution. *See Aden v. Wilkinson*, 989 F.3d 1073, 1084 (9th Cir. 2021) (explaining that asylum applicant must establish nexus by demonstrating persecution "on account of a statutorily protected ground") (citation omitted). Substantial evidence supports the IJ's determination, including the fact that there was no evidence presented that the prosecution was motivated by Minasian's "anticorruption beliefs" or that Minasian exposed any government corruption. *See Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890 (9th Cir. 2021) (explaining that "whether the 'nexus' requirement has been satisfied . . . is reviewed under the substantial evidence standard") (citation omitted).

3. Denial of Minasian's motion for continuance was not an abuse of discretion. *See Hui Ran Mu v. Barr*, 936 F.3d 929, 936 (9th Cir. 2019) (applying abuse of discretion standard). The IJ granted Minasian three continuances, delaying the case for more than a year. The fourth request asked for a continuance "until the resolution of the foreign proceedings." Given the three prior continuances and the indefinite nature of the fourth request, the denial was not an abuse of discretion. *See Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir.

2008) (affirming denial of continuance in light of prior six-month extension and lack of available relief); *see also Gonzalez v. INS*, 82 F.3d 903, 908 (9th Cir. 1996) (holding that denial of indefinite continuance following multiple prior continuances was not an abuse of discretion).

**PETITION DENIED**.