NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 6 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JESUS HUMBERTO ACOSTA-RUIZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.     18-70125

Agency No. A095-131-052

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 10, 2022
Phoenix, Arizona

Before:  PAEZ, CLIFTON, and WATFORD, Circuit Judges.

Jesus Acosta-Ruiz, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial of withholding of removal and protection under the Convention Against Torture ("CAT").  For the reasons below, we deny the petition.

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**1.** Acosta-Ruiz's argument that he merits withholding of removal because he was subject to past persecution on account of his membership in the particular social group of "honest police officers" is not meritorious. "[I]t is an applicant's burden to specifically delineate her proposed social group" before the IJ. *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1084 (9th Cir. 2020) (citing *Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 191 (BIA 2018)); *Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) (arguments raised for the first time on appeal "do not have to be entertained"). Acosta-Ruiz's counsel's passing description of Acosta-Ruiz as an "honest police officer" in oral argument before the IJ does not satisfy this standard. Thus, we agree with the BIA that this issue was waived and therefore is not properly before this court. We deny the petition for review as to this point.

**2.** Acosta-Ruiz's argument that he merits withholding of removal because he faces a threat of future persecution on account of his membership in the particular social group of "former police officers" is not meritorious. To prevail on this claim, Acosta-Ruiz was required to demonstrate that he had suffered or would suffer persecution *after* leaving his employment as a police officer. *Sanjaa v. Sessions*, 863 F.3d 1161, 1165 (9th Cir. 2017). The IJ held that although Acosta-Ruiz is a member of a particular social group of "former police officers," he is not more likely than not to face persecution on account of this status because he

received threats only while he was an active police officer. The BIA affirmed. Although country conditions reports in the record indicate that former police officers may be targeted by cartels, Acosta-Ruiz offers no record citations showing that he, specifically, is more likely than not to be targeted. We therefore affirm the agency's denial of this claim and deny the petition for review as to this point.

3.    Acosta-Ruiz's argument that he merits CAT protection because he is more likely than not to be killed by drug traffickers if returned to Mexico is not meritorious. The IJ denied Acosta-Ruiz's CAT claim because he had not demonstrated that the threats he received two decades ago made it more likely than not he will be tortured if he returns to Mexico. The BIA affirmed. Nothing in the record compels the conclusion that the cartels that once threatened Acosta-Ruiz are more likely than not to carry out those threats now, nor that the government would acquiesce in their doing so. We therefore affirm the agency's denial of this claim and deny the petition for review as to this point.

**PETITION DENIED.**