Rivas-Aparicio v. Garland

BIA
Christensen, IJ
A206 005 981

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of August, two thousand twenty-three.

PRESENT:
    **RAYMOND J. LOHIER, JR.,**
    **EUNICE C. LEE,**
    **SARAH A. L. MERRIAM,**
        *Circuit Judges.*
_____

**LUIS RENE DARWIN RIVAS-APARICIO,**
        *Petitioner,*

        **v.**                                              **19-3696**
                                                            **NAC**

**MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,**
        *Respondent.*
_____

**FOR PETITIONER:** Anne Pilsbury, Central American Legal Assistance, Brooklyn, NY

**FOR RESPONDENT:** Brooke Marie Maurer, Trial Attorney; Nancy E. Friedman, Senior Litigation Counsel; Brian Boynton, Principal Deputy Assistant Attorney General, Office of Immigration Litigation, United States Department of Justice, Washington, DC

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Luis Rene Darwin Rivas-Aparicio, a native and citizen of El Salvador, seeks review of an October 23, 2019 decision of the BIA affirming a June 16, 2016 decision of an Immigration Judge ("IJ") denying his application for asylum and withholding of removal. *See In re Luis Rene Darwin Rivas-Aparicio*, No. A206 005 981 (B.I.A. Oct. 23, 2019), *aff'g* No. A206 005 981 (Immigr. Ct. N.Y. City June 16, 2016). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the IJ's decision as supplemented and modified by the BIA, i.e., minus the findings that the BIA did not adopt. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005); *Xue Hong*

2

*Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review the agency's legal conclusions de novo and its factual findings for substantial evidence. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

To establish eligibility for asylum and withholding of removal, an applicant "must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id*. § 1231(b)(3)(A); *Quituizaca v. Garland*, 52 F.4th 103, 107 (2d Cir. 2022). The BIA did not err in concluding that Rivas-Aparicio failed to establish that his proposed social group of individuals who cooperate with police was cognizable or that he was or would be targeted on account of his political opinion.

**A. Social Group**

To establish eligibility for relief based on membership in a particular social group, an applicant must show that (1) the proposed social group is cognizable (i.e., its members share an immutable characteristic, the group is defined with particularity, and the group is viewed as socially distinct by society), and (2) the harm suffered or feared was or will be on account of membership in that group (i.e., a nexus between the harm and the cognizable social group). *See Quintanilla-*

*Mejia v. Garland*, 3 F.4th 569, 588–89 (2d Cir. 2021); *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014). Relief "may be granted where there is more than one motive for mistreatment, as long as at least one central reason for the mistreatment is on account of a protected ground." *Acharya v. Holder*, 761 F.3d 289, 297 (2d Cir. 2014) (quotation marks and citations omitted).

We previously remanded this case for the agency to apply a mixed-motive analysis to determine whether Rivas-Aparicio established a nexus between gang members targeting him and his membership in his proposed social group of individuals who cooperate with police. On remand, the BIA acknowledged that the record contained "material evidence indicating that the gang members may have been motivated in part by [Rivas-Aparicio's] cooperation with the police." Certified Administrative Record at 4. Assuming, based on this evidence, that a nexus had been established, the BIA then proceeded to consider the other factor in evaluating a social group claim—whether Rivas-Aparicio's proposed social group was cognizable. Although the determination of whether a group constitutes a "particular social group" is a legal issue the BIA reviews de novo, the parties correctly contend that the factual findings underlying such decisions are reviewed for substantial evidence and may not be made by the BIA in the first instance. *See*

4

*Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 191 (B.I.A. 2018) (holding that BIA "review[s] the ultimate determination whether a proposed group is cognizable de novo," but "review[s] an [IJ]'s factual findings underlying that determination for clear error"); *see also* 8 C.F.R. § 1003.1(d)(3)(iv)(A) ("The Board will not engage in factfinding in the course of deciding cases."). However, contrary to the parties' contentions, the BIA did not engage in impermissible factfinding. Rather, it reasonably concluded that Rivas-Aparicio had neither alleged facts nor presented evidence to establish that his proposed social group was socially distinct within Salvadoran society, and thus failed to satisfy a material element of his claim. Indeed, Rivas-Aparicio did not assert that anyone other than those involved were aware that gang members had stolen from and attacked him or that he had reported the theft to police, and his country conditions evidence described government corruption, collusion, and incompetence related to gangs but did not indicate that those who cooperate with police are perceived as socially distinct by Salvadoran society. *See Paloka v. Holder*, 762 F.3d 191, 196 (2d Cir. 2014) ("[W]hat matters is whether society as a whole views a group as socially distinct, not the persecutor's perception."); *Gashi v. Holder*, 702 F.3d 130, 137 (2d Cir. 2012) (finding group of cooperating witnesses to war crimes in Kosovo socially distinct to both

potential persecutors and the wider Kosovar society, given that the names of potential witnesses were published on a public list and people in the petitioner's village knew that he had spoken to investigators and criticized him for it). Given the lack of any assertions or evidence of social distinction, no findings of fact were necessary for the BIA to determine that Rivas-Aparicio failed to satisfy his burden to that extent. *Cf. Wallace v. Gonzales*, 463 F.3d 135, 141 (2d Cir. 2006) ("[A] review of the factual record by the BIA does not convert its discretionary determination as to whether a petitioner warrants an adjustment of status into improper factfinding."). For the same reasons, the BIA did not err in concluding that Rivas-Aparicio failed to establish that his proposed social group was cognizable. *See Quintanilla-Mejia*, 3 F.4th at 588–89; *Matter of M-E-V-G-*, 26 I. & N. Dec. at 237.

**B. Political Opinion**

For a political opinion claim, "[t]he applicant must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political belief," *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005), which "must involve some support for or disagreement with the belief system, policies, or practices of a government and its instrumentalities, an entity that seeks to directly influence laws, regulations, or policy, an organization that

aims to overthrow the government, or a group that plays some other similar role in society," *Zelaya-Moreno v. Wilkinson*, 989 F.3d 190, 199–200 (2d Cir. 2021) (citations omitted). "The persecution may also be on account of an opinion *imputed* to the applicant by the persecutor, regardless of whether or not this imputation is accurate." *Hernandez-Chacon v. Barr*, 948 F.3d 94, 102 (2d Cir. 2020). "[O]pposition to criminal elements such as gangs, even when such opposition incurs the enmity of these elements, does not thereby become *political* opposition simply by virtue of the gang's reaction." *Zelaya-Moreno*, 989 F.3d at 201.

Rivas-Aparicio's testimony established that gang members targeted him for reporting a theft to police and retrieving some of his stolen property. He did not testify that he expressed an anti-gang opinion, that he would express such an opinion if removed, or that gang members accused him of having such an opinion. Accordingly, the agency did not err in finding that he failed to show that he was or would be targeted on account of an anti-gang or an imputed anti-gang political opinion. *See id.* at 202–03.

Because Rivas-Aparicio did not satisfy his burden of showing that the harm he suffered and fears he would suffer again was or would be on account of a protected ground, the agency did not err in denying asylum and withholding of

7

removal.   *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A).

For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
