NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| Francisco Javier Rodriguez-Laborin,<br><br>Petitioner,<br><br>v.<br><br>Merrick B. Garland, U.S. Attorney General,<br><br>Respondent. | No. 21-728<br><br>Agency No.     A205-855-891<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Immigration Judge

Submitted April 20, 2023**
Submission Vacated May 24, 2023
Resubmitted September 14, 2023
Phoenix, Arizona

Before: TALLMAN, OWENS, and BADE, Circuit Judges.

Francisco Javier Rodriguez-Laborin, a native and citizen of Mexico, petitions for review of the determination of an immigration judge (IJ) that he did not have a reasonable fear of persecution or torture in Mexico and therefore is not entitled to relief from his reinstated removal order. *See* 8 C.F.R.

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1208.31(a). We have jurisdiction under 8 U.S.C. § 1252. *See Alonso-Juarez v. Garland*, No. 15-72821, --- F.4th---, 2023 WL 5811043, at *6 (9th Cir. Sept. 8, 2023). We review "the IJ's determination that the alien did not establish a reasonable fear of persecution or torture for substantial evidence." *Bartolome v. Sessions*, 904 F.3d 803, 811 (9th Cir. 2018). Under this standard, we must uphold the IJ's conclusion unless "any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (quoting *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016)). We deny the petition for review.

1.  Substantial evidence supports the IJ's finding that Rodriguez-Laborin did not establish a reasonable fear of persecution because he failed to demonstrate a nexus between any past or future harm and a protected ground. *See* 8 C.F.R. § 208.31(c). The IJ properly confirmed and addressed Rodriguez-Laborin's proposed social group, as articulated by counsel. *See Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 191 (BIA 2018) (holding that an applicant has the burden of establishing his claim for relief—including specifying the enumerated ground upon which his claim relies and articulating any particular social groups—on the record before the IJ, who should clarify if the proposed social group is unclear). The IJ then concluded that the drug traffickers who threatened Rodriguez-Laborin and demanded money acted for financial gain, which is not a protected ground. Substantial evidence supports this finding. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by

2                                    21-728

gang members bears no nexus to a protected ground."); *Bartolome*, 904 F.3d at 814 ("First, gangs did not target [the petitioner] based on a protected ground. Rather, the gangs targeted him because they perceived him to have money, which we have not recognized as a cognizable social group.").

2.      Substantial evidence supports the IJ's finding that Rodriguez-Laborin failed to establish a reasonable fear of torture because he did not show that any torture would occur with the consent or acquiescence of a public official. *See* 8 C.F.R. § 208.18(a)(1). Although Rodriguez-Laborin is correct that an applicant is not required to "report his alleged torture to public officials to qualify for relief under CAT," *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1060 (9th Cir. 2006), the IJ did not err in considering Rodriguez-Laborin's failure to file a police report when evaluating whether the police breached their legal duty to prevent any torture, 8 C.F.R. § 1208.18(a)(7). *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) (holding that the record did not compel a finding of acquiescence when police declined to investigate petitioner's report that she had been attacked by masked men because they lacked sufficient information to investigate). And although Rodriguez-Laborin testified that the police "don't really pay attention" to police reports and that his cousins told him the police "work together" with traffickers, this evidence does not compel the conclusion that the government would acquiesce in any torture. *Cf. Alvarado-Herrera v. Garland*, 993 F.3d 1187, 1196–97 (9th Cir. 2021) (IJ's finding not supported by substantial evidence where petitioner "described

conditions of widespread police corruption" and "offered details that corroborated" this claim, including that the gang members who carried out the attack in his case "were dressed in police uniforms and displayed police badges to gain access to a private residential complex," suggesting that his assertions were "based on more than mere idle speculation or rumor").

**PETITION DENIED.**