NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 8 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CARMEN PELICO-GARCIA DE
RACANCOJ, et al.,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-3679

Agency Nos.
A220-147-948
A220-147-949
A220-147-950
A220-147-951

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 4, 2024[**]
Pasadena, California

Before: WARDLAW, HURWITZ, and DESAI, Circuit Judges.

Carmen Pelico-Garcia de Racancoj and her three minor children, natives and

citizens of Guatemala, petition for review of a Board of Immigration Appeals

("BIA") decision affirming the denial by an immigration judge ("IJ") of their

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's finding that a petitioner is ineligible for asylum or withholding of removal for failure to establish a nexus between any past or feared persecution and a protected ground for substantial evidence. *Macedo Templos v. Wilkinson*, 987 F.3d 877, 883 (9th Cir. 2021) (nexus determination); *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021) (eligibility for asylum or withholding of removal). We also review the BIA's denial of CAT protection for substantial evidence. *Garcia v. Wilkinson*, 988 F.3d 1136, 1147 (9th Cir. 2021). We deny the petition.

1.      Before the IJ, Pelico-Garcia de Racancoj claimed persecution on account of her membership in the proposed social group ("PSG") of "individuals in Guatemala who file criminal complaints against gangs." That was the only PSG identified in her written statement, and at the merits hearing, her counsel stated that she was only proposing that PSG and never proposed any others, despite being given multiple opportunities to do so.

Before the BIA, however, Pelico-Garcia de Racancoj claimed persecution on account of her membership in a PSG of "small business owners extorted by gang members." The BIA did not err in declining to entertain a new PSG raised for the first time on appeal. *See Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 191

2                                                    23-3679

(B.I.A. 2018) (finding that when a petitioner delineates a new PSG on appeal, the IJ "will not have had an opportunity to make relevant factual findings, which [the] [BIA] cannot do in the first instance on appeal"); *Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) ("[T]he [BIA] does not per se err when it concludes that arguments raised for the first time on appeal do not have to be entertained."). And, because cognizability of the new PSG was not exhausted in the agency and the government raises the issue of exhaustion, we also may not consider the new PSG. *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

2.      Substantial evidence supports the denial of Pelico-Garcia de Racancoj's asylum and withholding claims. The BIA concluded that Pelico-Garcia de Racancoj waived her challenge to the IJ's adverse nexus finding because she did not meaningfully address the issue on appeal. Pelico-Garcia de Racancoj failed to discuss that finding or nexus in general in her opening brief.[1] The nexus issue is thus forfeited. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (holding that issues that are not "specifically and distinctly" argued in the opening brief may be forfeited); *Iraheta-Martinez v. Garland*, 12 F.4th 942, 959 (9th Cir. 2021) (finding that the petitioner forfeited an argument "by failing to develop the argument in his opening brief"). Because nexus is a necessary element of asylum and withholding of

---

[1]      Instead, Pelico-Garcia de Racancoj's opening brief focuses on her newly articulated PSG, the cognizability of this PSG, and her claim of past persecution on account of her membership in the newly proposed PSG.

removal, denial of these claims was proper. *See Umana-Escobar*, 69 F.4th at 551.

3.    To be eligible for CAT protection, a petitioner must show that it is more likely than not that she will be subjected to torture by or with the acquiescence of a public official if removed to her native country. *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). Pelico-Garcia de Racancoj argues that the Guatemalan government was aware of her mental torture by gang members and acquiesced by failing to prevent it.

But, the agency's finding that Pelico-Garcia de Racancoj failed to establish the requisite government consent or acquiescence is supported by substantial evidence. *See Edgar G.C. v. Garland*, 109 F.4th 1230, 1242 (9th Cir. 2024). She testified that the police promptly responded to the call about a break-in at her home, checked her house, filed a police report, and instructed her to see a judge or file a report with the district attorney's office. "[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence," *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016), and "[a] government does not acquiesce in the torture of its citizens merely because it is aware of torture but powerless to stop it," *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) (cleaned up).

The petition is **DENIED.**