Lucero-Ortega v. Bondi

BIA
Chung, IJ
A220 575 259/216 701 142

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of May, two thousand twenty-five.

PRESENT:
> **DENNY CHIN,**
> **RAYMOND J. LOHIER, JR.,**
> **EUNICE C. LEE,**
> > *Circuit Judges.*

_____

**ROSA CARMITA LUCERO-ORTEGA,**
**MAYKEL DANIEL MARCA-LUCERO,**
> *Petitioners*,

> v.

**PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,**
> *Respondent.*

_____

**23-8044**
**NAC**

FOR PETITIONERS:                Reuben S. Kerben, Kerben Law Firm, P.C., Kew Gardens, NY.

FOR RESPONDENT:            Brian M. Boynton, Principal Deputy Assistant Attorney General; Song Park, Assistant Director; Margot Kniffin, Jennifer P. Williams, Trial Attorneys, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Rosa Carmita Lucero-Ortega and her minor son, natives and citizens of Ecuador, seek review of a November 15, 2023 decision of the BIA affirming a March 23, 2023 decision of an Immigration Judge ("IJ") denying asylum and withholding of removal.[1]  *In re Rosa Carmita Lucero-Ortega, et al.*, Nos. A 220 575 259/216 701 142 (B.I.A. Nov. 15, 2023) *aff'g* Nos. A 220 575 259/216 701

---

[1] We do not address Lucero-Ortega's claim for relief under the Convention Against Torture because she does not argue it here and did not exhaust it before the BIA.  *See Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("To preserve an issue for judicial review, the petitioner must first raise it with specificity before the BIA." (quotation marks omitted)); *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("consider[ing] abandoned any claims not adequately presented in an appellant's brief" (quotation marks omitted)).

142 (Immigr. Ct. N.Y.C. Mar. 23, 2023).   We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA.   *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005).   We review factual findings for substantial evidence and questions of law and application of law to fact *de novo*.   *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).   "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."   8 U.S.C. § 1252(b)(4)(B).

An applicant for asylum and withholding of removal "must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); *Quituizaca v. Garland*, 52 F.4th 103, 105–06 (2d Cir. 2022) (holding that asylum's one central reason standard also applies to withholding of removal).   "To succeed on a particular social group claim, the applicant must establish . . . that the group itself was cognizable," that she "is a member of a group of persons all of whom share a common, immutable characteristic," and that she has been persecuted or has at least a well-founded fear of persecution "on account of her membership in that particular social group."

3

*Paloka v. Holder*, 762 F.3d 191, 195–96 (2d Cir. 2014) (quotation marks omitted).

The BIA determined that Lucero-Ortega failed to show she was a member of her proposed social group of Ecuadorian landowners and declined to reach the IJ's other holdings. Thus, her arguments that her social group is cognizable are misplaced. *See Xue Hong Yang*, 426 F.3d at 522.

Substantial evidence supports the agency's finding that Lucero-Ortega is not a member of her proposed social group of Ecuadorian landowners. Membership in a social group is linked to the requirement that a social group be defined by an immutable characteristic that an applicant "either cannot change, or should not be required to change because it is fundamental to their individual identities or consciences." *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) (quotation marks omitted). Lucero-Ortega bears the burden of "show[ing] that she is a member" of her proposed social group — in other words, that she shares the relevant immutable characteristic. *Paloka*, 762 F.3d at 196. "[W]hen a petitioner bears the burden of proof, h[er] failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision." *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008). Lucero-Ortega conceded that she did not own land. She argues instead that her whole

4

family was targeted for persecution because her parents owned land, and that her community viewed her as a landowner because she lived and worked on the land. But these assertions support her membership in different social groups of family members of landowners and imputed landowners, neither of which she proposed to the IJ. "Where an applicant raises membership in a particular social group as the enumerated ground that is the basis of her claim, she has the burden to clearly indicate the exact delineation of any particular social group(s) to which she claims to belong." *Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 191 (B.I.A. 2018) (quotation marks omitted). Lucero-Ortega's failure to establish membership in the social group she proposed to the IJ is dispositive of asylum and withholding of removal. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5