**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 18 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ALFERDO BOTON-VASQUEZ; ANGELICA CHILISNA-TIQUIRAM; J.B.C., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-5274 <br><br> Agency Nos. <br> A215-883-322 <br> A215-883-280 <br> A215-883-323 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 14, 2025**
Seattle, Washington

Before: HAWKINS, McKEOWN, and WARDLAW, Circuit Judges.

Jose Alferdo Boton-Vasquez ("Boton"), his wife Angelica Chilisna-

Tiquiram, and their minor son, J.B.C.[1] (collectively, "Petitioners"), natives and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Angelica and J.B.C. are derivative beneficiaries of Boton's application.

citizens of Guatemala, seek review of a decision by the Board of Immigration Appeals ("BIA") dismissing an appeal from an order of an Immigration Judge ("IJ") denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. "Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019) (citation omitted). We review the agency's factual findings for substantial evidence and must uphold them unless the evidence compels a contrary conclusion. *See Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). We deny the petition.

1.      Substantial evidence supports the agency's conclusion that Petitioners failed to establish eligibility for asylum or withholding of removal. The BIA affirmed the IJ's finding that Petitioners had not demonstrated a well-founded fear of future persecution on account of their indigenous background. The record is devoid of "direct [] and specific evidence" "that would support a *reasonable* fear of persecution." *Mgoian v. INS*, 184 F.3d 1029, 1035 (9th Cir. 1999) (emphasis in original) (internal quotation marks omitted). Petitioners conceded before the BIA that the mistreatment they experienced in Guatemala did not rise to the level of persecution, and have waived the contrary argument before us by not raising it in

their opening brief.  Petitioners' argument that "[c]ountry conditions indicate that [they] may have some difficulties in Guatemala due to their race," "simply prove[s] that there exists a generalized or random possibility of persecution in [their] native country[,]" which is insufficient to establish that they are at a "particular risk" of future persecution.  *Id*. (quoting *Kotasz v. INS*, 31 F.3d 847, 852 (9th Cir. 1994)).  Additionally, Petitioners failed to present evidence that they were "individually targeted on account of a protected ground rather than simply [as] the victim[s] of generalized violence." *Hussain v. Rosen*, 985 F.3d 634, 646 (9th Cir. 2021).[2]

2.　　　Substantial evidence supports the BIA's conclusion that Petitioners failed to establish that it is more likely than not that they will be tortured by or with the acquiescence of a public official upon return to Guatemala.  *Arteaga v. Mukasey*, 511 F.3d 940, 948–49 (9th Cir. 2007).  Although Petitioners provided evidence of general police corruption and violence in Guatemala, "[t]he record must show that it is more likely than not that the petitioner will face a *particularized* and *non-speculative* risk of torture." *Park v. Garland*, 72 F.4th 965,

---

[2] The BIA did not err when it determined that Petitioners waived their claim of persecution based on an imputed political opinion because they failed to raise the argument to the IJ. *Matter of W-Y-C & H-O-B*, 27 I&N Dec. 189, 191-92 (BIA 2018).  We therefore do not consider this new claim. *See Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020) ("Exhaustion requires a non-constitutional legal claim to the court on appeal to have first been raised in the administrative proceedings below").

980 (9th Cir. 2023).

**PETITION FOR REVIEW DENIED.**[3]

---

[3] Petitioners' Motion to Stay Removal (Dkt. No. 3) is denied as moot. The temporary stay will dissolve when the mandate issues.

24-5274